UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEVADA

| | |
|---|---|
| "LILY," "SARAH," "SOLOMON," WILLIAM L. E. DUSSAULT, Guardian ad Litem For "VIOLET," a minor, JANE DOE as next friend for "PIA," a minor, "ANDY," and "JENNY,"<br><br>Plaintiffs,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | Case No:  2:19-CV-352<br><br>COMPLAINT<br><br>Jury Trial Demanded |

The Plaintiffs, on their own behalf and by their corresponding next friends as indicated, and through their attorneys of record John A. Kawai of Carpenter, Zuckerman & Rowley, Carol L. Hepburn of Carol L. Hepburn P.S., and Deborah A. Bianco of Deborah A. Bianco, PLLC, allege for their complaint as follows:

**NATURE OF THE ACTION**

1. This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statutes 18 U.S.C. § 2252 (a)(5)(B), and 2252A(a)(2).

2. 18 U.S.C. § 2255(a) allows victims of child pornography under section 2252 to recover the actual damages such person sustains or liquidated damages in the

amount of $150,000 per victim, and reasonable attorney's fees. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

## PARTIES

3. "Lily" is currently an adult and resides outside the state of Nevada.

4. "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

5. "Sarah" is currently an adult and resides outside the state of Nevada.

6. "Sarah" is the pseudonym for the victim depicted in the Marineland child pornography series.

7. "Solomon" is currently an adult and resides outside the state of Nevada.

8. "Solomon" is the pseudonym for the victim of the J_blonde child pornography series.

9. William L.E. Dussault, as the court appointed Guardian ad Litem for "Violet" who is a minor and resides outside the state of Nevada.

10. "Violet" is a pseudonym for the victim depicted in the At School child pornography series.

11. Jane Doe is a pseudonym for "Pia's" mother and acts as Next Friend for "Pia" who is a minor and resides outside the state of Nevada.

12. "Pia" is a pseudonym for a victim depicted in the Sweet Sugar child pornography series and lives outside the state of Nevada.

13. "Andy" is currently an adult and resides outside the state of Nevada.

14. "Andy" is a pseudonym for the victim of the "SpongB" child pornography series.

15. "Jenny" is currently an adult and resides outside the state of Nevada.

16. "Jenny" is a pseudonym for the victim of the Jenny child pornography series

## JURISDICTION AND VENUE

17. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

18. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where the Defendant resides and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTUAL BACKGROUND

<u>The Defendant Possessed Child Pornography Depicting Lily in Violation of 18 U.S.C. § 2252(a)(5)(B)</u>

19. When Lily was ten and eleven years old, or younger, she was forced to perform sexual acts primarily for the purpose of producing child pornography images and videos.

20. These images and videos are distributed over the Internet and are known as the "Vicky" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

21. On information and belief, these images and videos depict Lily as a prepubescent minor child being raped, sodomized, put in bondage, and forced to perform scripted sex acts with an adult male. They are images and videos depicting child rape and sexual exploitation.

22.     These images and videos of Lily childhood sexual abuse are widely traded—by barter and commercial transaction—over the internet. The never-ending circulation of this material keeps Lily's original abuse constantly alive and present for her in everyday life. If her child pornography images were not possessed and circulated by others, Lily might have been able to obtain the treatment necessary to overcome the damage caused by her original childhood sexual abuse and live a normal life.

23.     Lily has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

<u>The Defendant Possessed Child Pornography Depicting Sarah
in Violation of 18 U.S.C. § 2252(a)(5)(B)</u>

24.     Sarah was groomed for sexual exploitation from the time she was five years old. From that age until age eleven, she was raped, forced to have sex with an adult male and with other female children her age, forced to have sexual encounters with an animal, and made to pose and dance provocatively for the camera. Sarah was required to perform these sex acts in front of a web cam which recorded the events and broadcasted her sexual exploitation to another adult who was watching from a remote location. The sexual acts performed by Sarah were digitized for distribution on the internet.

25. Images and videos of Sarah have been and continue to be widely circulated on the internet and are known as the "Marineland" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

26. Sarah has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

The Defendant Possessed Child Pornography Depicting Solomon
in Violation of 18 U.S.C. § 2252(a)(5)(B)

27. Solomon was a school-aged child when a "counselor" befriended his single mother and her two sons. The adult male showed an interest in the two boys that over time focused solely on Solomon and degenerated into first grooming the outright sexual abuse with the assistance of drugs. His original abuser then brought confederates to join in on sexually exploiting Solomon. This abuse was photographed and distributed over the internet

28. Images of Solomon have been and continue to be widely circulated on the Internet and are known as the "J_blonde" child pornography series. These images constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

29.     Solomon has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting him by persons including the Defendant. The permanent harm he has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with his normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

The Defendant Possessed Child Pornography Depicting Violet
in Violation of 18 U.S.C. § 2252(a)(5)(B)

30.     Violet, a minor female, was forced from a young age over an extended period of time to have sexual encounters with an adult male. These sexual acts were photographed and videoed for purposes of distribution over the Internet. William L.E. Dussault has been appointed by her local court as her Guardian Ad Litem.

31.     Images and videos of Violet have been and continue to be widely circulated on the Internet and are known as the "At School" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

32.     Violet has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for

medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

The Defendant Possessed Child Pornography Depicting Pia
in Violation of 18 U.S.C. § 2252(a)(5)(B)

33.     Pia, a minor female, was forced from a young age over an extended period of time to have sexual encounters with an adult male. These sexual acts were photographed and videoed for purposes of distribution over the Internet. Jane Doe is Pia's mother and her next friend for purposes of this litigation.

34.     Images and videos of Pia have been and continue to be widely circulated on the Internet and are known as the "Sweet Sugar" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

35.     Pia has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

The Defendant Possessed Child Pornography Depicting Andy
in Violation of 18 U.S.C. § 2252(a)(5)(B)

36.     Andy was seven years old when his adult mentor or "Big Brother" began to repeatedly rape and sexually abuse him. Andy was forced to endure sexual fondling,

oral copulation, and anal intercourse for the purposes of producing child pornography images and videos. The abuser shared these images and videos on the Internet.

37. Images and videos of Andy have been and continue to be circulated on the Internet and are known as the "SpongB" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

38. Andy has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting him by persons including the Defendant. The permanent harm he has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of future wages and benefits, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

**The Defendant Possessed Child Pornography Depicting Jenny
in Violation of 18 U.S.C. § 2252(a)(5)(B)**

39. From approximately age six to eight years old, Jenny was sexually molested and assaulted by an adult man. Jenny was repeatedly raped and forced to perform fellatio on an adult man. Jenny was also bound and forced to perform sexual acts on an animal. The abuser forced Jenny to watch child pornography in order to groom her for sexual exploitation. The sexual abuse of Jenny was digitized for distribution on the Internet.

40. Images and videos of Jenny have been and continue to be widely circulated on the Internet and are known as the "Jenny" child pornography series. These

images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

41. Jenny has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial in this matter.

## The Defendant Possessed the Plaintiffs' Child Pornography Images and Videos

42. In January 2016, Defendant's computer was seized by law enforcement agents and upon examination by agents and by forensic analysis, child sex abuse images and/or videos of each of the Plaintiffs Lily, Sarah, Solomon, Andy, Jenny, and minors Violet and Pia were found among the child pornography which the Defendant possessed.

43. Child Victim Identification Program (CVIP) analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child pornography images of Lily, Sarah, Solomon, Violet, Pia, Andy and Jenny in NCMEC's database and notified the government of its findings in a CVIP report.

44. Upon information and belief, this CVIP report was supplied to the Defendant's criminal defense attorneys.

45. Upon information and belief, the Defendant's criminal defense attorneys had ample resources to examine and challenge the victim identification contained in the CVIP report.

46. On March 14, 2016, the Defendant was charged by Complaint in the United State District Court for the District of Nevada with knowingly possessing child pornography in violation of 18 U.S.C. 2252(a)(5)(B), and receiving and distributing visual depictions of minors engaging in sexually explicit conduct (child pornography) in violation of 18 U.S.C. 2252A(a)(2) and (b).

47. On May 18, 2016, Plaintiffs, and each of them first received notice of their images having been among those possessed by Defendant.

## THE PLAINTIFFS' RIGHT TO PROCEED UNDER PSEUDONYMS

48. Concomitant with this complaint, the Plaintiffs have moved for permission to proceed in this case using pseudonyms in accordance with the applicable law in this circuit.

49. According to *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."

50. As outlined in their Motion to Proceed Under a Pseudonym, the Plaintiffs' need for anonymity outweighs any prejudice to the Defendant or the public's interest in knowing their identity.

## FIRST CLAIM FOR RELIEF
## 18 U.S.C. § 2255(a)

51. The Plaintiffs repeat and re–allege all prior paragraphs.

52. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252 or § 2252A who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and reasonable attorney's fees.

53. The Defendant pleaded guilty of violating the federal child pornography crimes found at 18 U.S.C. § 2252(a)(5)(B) and § 2252A(a)(2) and (b).

54. 18 U.S.C. § 2252(a)(5)(B) provides that any person commits a federal crime who:

> "knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

18 U.S.C. § 2252A(a)(2) provides that any person commits a federal crime who:

> "knowingly receives or distributes, (a) any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or (b) any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

55. The Defendant pleaded guilty to knowingly possessing, receiving and distributing material containing images of the Plaintiffs' child pornography in violation of federal child pornography laws.

56. The Plaintiffs suffered personal injury as a result of the Defendant's violation of 18 U.S.C. § 2252(a)(5)(B) and § 2252A(a)(2) and (b)..

57. The Plaintiffs are electing liquidated damages in the amount of $150,000 each and reasonable attorney's fees, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

58. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

59. Punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct pursuant to 18 U.S.C. § 2255(a) and the common law;

60. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

61. Pre-judgment and post-judgment interest;

62. Such other preliminary and equitable relief as the Court determines to be appropriate pursuant to 18 U.S.C. § 2255(a);

63. Any relief within the Court's jurisdiction appropriate to the proof, whether or not demanded; and

64. Such other and further relief as the Court deems just and proper.

//

Dated this 28th day of February, 2019 at Irvine, California.

CARPENTER, ZUCKERMAN & ROWLEY, LLP

By  /s John A. Kawai
John A. Kawai, NSBA No. 14893
400 South 4th Street, Suite 500
Las Vegas, NV. 89101
Tel.: (805)272-4001
Fax: (805)719-6858
Email:  Team3@czrlaw.com
Of Attorneys for Plaintiffs

CAROL L. HEPBURN, P.S.


By  /s Carol L. Hepburn
Carol L. Hepburn , *Pro Hac Vice Pending*
200 First Ave. West, Suite 550
Seattle, WA  98119
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net
Of attorneys for Plaintiffs Lily, Sarah, Solomon, William L.E. Dussault as Guardian Ad Litem of Violet, a minor, Andy and Jenny


DEBORAH A. BIANCO, PLLC

By  /s Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice Pending*
14535 Bel-Red Road, #201
Bellevue, WA 98007
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Attorney for Jane Doe as next friend for Pia, a minor