Lance J. Hendron
Nevada State Bar No. 11151
Guymon & Hendron
625 S. Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 758-5858
Email: lance@ghlawnv.com
Local Counsel for Jan Fuechtener

Zachary Lee Newland
Texas State Bar No. 24088967
Brandon Sample PLC
P.O. Box 250
Rutland, Vermont 05702
Phone: (802) 444-4357
Email: zach@brandonsample.com
Counsel *Pro Hac Vice* for Jan Fuechtener

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Lily, *et al*, | Case No. 2:19-cv-00352-RFB-EJY |
|---|---|
| Plaintiffs, | **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PREJUDGMENT WRIT OF ATTACHMENT** |
| v. | |
| Jan Rouven Fuechtener, | [ECF No. 5] |
| Defendant. | |

Plaintiffs' Motion for Prejudgment Writ of Attachment (ECF No. 5) is fatally deficient for procedural and substantive reasons. Plaintiffs have not complied with the notice requirements or sufficiently alleged a valid request to issue a writ of attachment. More fundamentally, Nevada treats Fuechtener's right to the funds Plaintiffs are seeking as exempt property since the funds qualify as an undistributed interest in a trust. The Court should deny Plaintiffs' motion.

## MEMORANDUM OF POINTS & AUTHORITIES

Plaintiffs motion for pre-judgment writ of attachment asks the Court to issue a writ attaching to "property owned by…Jan Rouven Fuechtener." (ECF No. 5 at 1-2). The Plaintiffs' are seeking a writ of attachment to funds being held in the court registry in the U.S. District Court for the District of Nevada. (ECF No. 5 at 3, 7). Although the Plaintiffs do not bother to provide any further description, Fuechtener believes that the relevant funds Plaintiffs referenced are those being held by court order in connection with the criminal prosecution in *United States v. Fuechtener*, No. 2:16-cr-100-GMN-CWH (Dist. N.V.)[1]. The origin of these funds bears repeating here in brief.

Fuechtener is currently married to Frank Alfter and they both previously resided in a home located at 7080 Donald Nelson Avenue in Las Vegas. (Crim. ECF No. 207 at 2). Several years before Fuechtener was married the residence was purchased and titled in the name of the F.A.J.R. Magic Trust ("Magic Trust"). (Crim. ECF No. 214 at 2). There has never been any dispute that the home on Don Nelson Avenue was owned by the Magic Trust. (Crim. ECF No. 207 at 2) ("parties do not dispute," Magic Trust ownership). Fuechtener and his spouse are the grantors, co-trustees, and primary beneficiaries of the trust. (Crim. ECF No. 207 at 2). After the Donald Nelson property was sold in May 2017, the proceeds of the sale owed to the Magic Trust was more than $1.3 million dollars.

The United States filed an emergency motion to restrain the distribution of

---

[1] Citations to documents filed in the related criminal case are notated as "Crim. ECF No. X".

**Response in Opposition to Plaintiffs'**
**Motion for Prejudgment Writ of Attachment**                                    Page 2 of 14

the proceeds from the sale of the Donald Nelson property. The proceeds were ordered to be held by the Clerk of Court pending Fuechtener's sentencing to satisfy criminal monetary penalties after protracted briefing from multiple parties and an evidentiary hearing. (Crim. ECF No. 295). Importantly, the legal authority to retain the funds was based on the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.*, which applied to criminal penalties. The FDCPA remedies do not apply to this case.

Fuechtener was later sentenced to prison and the presiding judge ordered the $585,300.00 in criminal monetary penalties paid directly from the Donald Nelson property proceeds being held in the registry of the Court. (Crim. ECF No. 341, 345). The remaining funds held in the Court's registry from the sale of the Donald Nelson property, which was entirely owned by the Magic Trust, are the property which Plaintiffs now want to seize via pre-judgment writ of attachment. (ECF No. 5 at 7).

## SUMMARY OF ARGUMENT

Nevada law applies to Plaintiffs' request for pre-judgment writ of attachment. Fed. R. Civ. P. 64(a). The extraordinary remedy of attachment is governed by Chapter 31 of the Nevada Revised Statutes. Plaintiffs specifically brought their motion under N.R.S. § 31.013. (ECF No. 5 at 6) (quoting same in full). Plaintiffs have woefully failed to comply with mandatory affidavit requirements of N.R.S. § 31.020. The affidavits Plaintiffs do provide rely entirely on inadmissible hearsay and do not constitute competent evidence. Plaintiffs have similarly disregarded the prerequisite statutory notice requirements for writs of attachment.

*See* Nev. Rev. Stat. Ann. § 31.045. Granting a prejudgment writ of attachment when Plaintiffs have not complied with Nevada state law would violate Fuechtener's constitutional right to due process of law. *See Connecticut v. Doehr*, 501 U.S. 1, (1991) (state prejudgment attachment statute violated Constitution where it failed to protect Doehr's due process rights).

Plaintiffs' motion should also be denied because they are seeking attachment to funds which are exempt from execution under Nevada law. The funds being held by the Clerk of Court in the related criminal case are proceeds from the sale of real estate which was wholly owned by the Magic Trust. (Crim. ECF No. 207 at 2). Plaintiffs ability to recover property after obtaining a judgment in their favor in this proceeding under 18 U.S.C. § 2255(a) is controlled by Nevada state law. Nevada makes a person's property which constitutes an undistributed interest in trust property as exempt from execution. *See* Nev. Rev. Stat. Ann. § 21.090(cc) & (dd). The funds held in the registry of the court belong to the Magic Trust and Plaintiffs cannot attach to any interest or right Fuechtener might possess in this exempt property. Plaintiffs' motion should be denied.

## ARGUMENT

**I.  Plaintiffs' motion for writ of attachment is procedurally deficient and should be denied on these grounds alone.**

**A. Plaintiffs have not provided specific notice to Fuechtener as required by Nevada statute.**

A prejudgment writ of attachment is an extraordinary remedy and the Nevada statutory requirements must be strictly complied with for such a writ to issue. *Paramount Ins., Inc. v. Rayson & Smitley*, 472 P.2d 530 (1970) (attachment

based on conclusory affidavit was improper). Plaintiffs are seeking a pre-judgment writ of attachment expressly relying upon the authority of N.R.S. § 31.013. That provision of law enumerates three types of cases in which the court is authorized "after notice and hearing," to direct the clerk of court to issue a writ of attachment. Nev. Rev. Stat. Ann. §31.013.

But the "notice" referenced in § 31.013 calls for more than mere personal service of the motion or writ. *See* Nev. Rev. Stat. Ann. § 31.045. The specific statutory notice provision found in Chapter 31 states that "Execution on the writ of attachment by attaching property of the defendant may occur only if," the notice requirements are met. Nev. Rev. Stat. Ann. § 31.045 (emphasis added). One key part of the required notice is the command to serve "the defendant with notice," which "must be substantially," in the form provided in § 31.045. A complete copy of N.R.S. § 31.045 is attached to this response as **Exhibit A** and incorporated by reference. The required notice found in § 31.045 is detailed and highly specific about property exemptions and the rights of the person who are served.

At this juncture the question is simple: did Plaintiffs comply with the mandatory language of § 31.045 and give Fuechtener proper notice? Of course not. The Court can look to the declaration and exhibit filed by Plaintiffs' counsel on September 30, 2019 to see what notice was given. (ECF No. 26 & 26-1). Plaintiffs did not even attempt to meet the specific notice requirements to allow attachment under § 31.045 and § 31.013. The remedy of a writ of attachment is purely statutory and proceedings to obtain attachment must conform strictly to the statutory

requirements. *Green v. Hooper*, 167 P.23 (1917); *see, e.g., Application of Loer*, 226 P.2d 272, 274 (1951) (reaffirming *Hooper* in passing). The Court should deny Plaintiffs' motion for writ of attachment as a result.

### B. Affidavits provided in support of motion are conclusory and deficient

The Court should also deny the Plaintiffs' motion because the affidavits provided in support of attachment are insufficient. *See Paramount Ins., Inc. v. Rayson & Smitley*, 472 P.2d 530 (1970) (conclusory affidavit from counsel could not support attachment). Applications for writ of attachment must be supported by affidavits that strictly comply the detailed requirements specified by the Nevada Legislature. Nev. Rev. Stat. Ann. § 31.020. The affidavit must be made by someone with "personal knowledge" of the facts asserted and describe in "reasonable and clear detail" the facts which show the grounds for attachment. *Id*. The affiant must also:

> State whether, to the best information and belief of the affiant, the money or property sought to be attached is exempt from execution.

Nev. Rev. Stat. Ann. § 31.020(h). The affidavits given by Plaintiffs fall short.

First, the two affidavits provided by Carol Hepburn and Deborah Bianco do not state whether the affiants believe the property sought to be attached is exempt from execution. The statute requires such a sworn statement presumably because of the potential harm that would be caused by ordering attachment to a citizen's exempt property. Failure to include the required sworn statement means that the affidavits do not comply with § 31.020 and attachment cannot issue.

1	Second, the affidavits put forward by Plaintiffs openly rest on hearsay
2	instead of personal knowledge. For example, Plaintiffs claim that attaching a copy
3	of the Sentencing Memorandum filed by the prosecution in a separate legal
4	proceeding sets "forth facts indicating that Defendant was planning to send the
5	subject funds to his husband in Germany." (ECF No. 5 at 15). Surely this statement
6	is not converted into reliable personal knowledge simply because it is sworn under
7	oath by an attorney. Similarly, the affidavits attempt to attach emails sent to
8	unnamed third parties who are also supposedly clients of the affiants to support
9	issuance of a writ. The affiants do not claim to have personal knowledge as to the
10	content of any images that were seized from Fuechtener. The affiants have never
11	seen any material that the United States seized from Fuechtener. The affiants rely
12	solely upon the victim notification emails to establish a connection to Fuechtener's
13	conduct.
14	This is not personal knowledge of course. This is not even second-hand
15	knowledge. The emails and other attachments to the affidavits present hearsay-
16	within hearsay-within hearsay that is too tangled to even analyze. Plaintiffs have
17	provided only conclusory affidavits, not based on personal knowledge, "which
18	affords no basis for a court," to determine the veracity of their claims. *Paramount*
19	*Ins., Inc. v. Rayson & Smitley*, 472 P.2d at 530, 534 (1970). The Nevada Supreme
20	Court has previously held that similar conclusory and unqualified affidavits were
21	insufficient to support a writ of attachment. *Id*. The same is true in this case.
22	Third, the affidavits in this case do not show in "reasonable and clear detail"
23	

**Response in Opposition to Plaintiffs'**
**Motion for Prejudgment Writ of Attachment**　　　　　　　　　　　　　　　　Page 7 of 14

1 facts showing the existence of one of the grounds for attachment. Nev. Rev. Stat.
2 Ann. § 31.020(c). Plaintiffs do not already possess a judgment against Fuchtener,
3 and they are required to swear to facts supporting the legal grounds for their
4 requested writ. Plaintiffs have sought a prejudgment writ under § 31.013 so they
5 must show their claims meet the limited class of cases where attachment is
6 permitted. Plaintiffs have not provided any facts based on personal knowledge
7 which demonstrate "extraordinary circumstances exist," as required for attachment
8 to issue. Nev. Rev. Stat. Ann. § 31.013. Plaintiffs affidavits do not even provide
9 allegations that the particular funds held in the registry are Fuechtener's only
10 property which could satisfy an adverse judgment. Although Fuechtener has been
11 convicted he has already satisfied all of his criminal monetary penalties.

12     Extraordinary circumstances do not exist in every lawsuit brought under 18
13 U.S.C. § 2255(a). The affidavits provided by Plaintiffs do not even provide
14 allegations that one of the § 31.013 grounds for attachment exists. Allowing a pre-
15 judgment writ of attachment to issue simply "upon verification by oath of the
16 plaintiff…that there is probable cause to sustain the validity of the plaintiff's
17 claims," without more violates the due process clause of the Fourteenth
18 Amendment. *Connecticut v. Doehr*, 501 U.S. 1, 5 (1991). That is why strict
19 compliance with Nevada's statutory requirements is an indispensable prerequisite
20 to issuing a pre-judgment writ of attachment. Plaintiffs have failed to satisfy
21 multiple parts of the statutory requirements. Plaintiffs' motion should be denied.

22 **II.   Funds in court registry belong to Magic Trust and are exempt from execution or attachment as undistributed interests in trust property.**
23

There has never been a dispute that the funds deposited into the registry in Fuechtener's criminal case originated from the sale of real estate owned by the Magic Trust. (Crim. ECF No. 207 at 2). The Magic Trust has never distributed these funds to its beneficiaries Fuechtener. (*Id.*). The funds still held with the Clerk of Court were, and remain, the property of the Magic Trust. A previously filed copy of the original Magic Trust document is attached here as **Exhibit B** and incorporated by reference. (*See* also Crim ECF 188-1).

### A. Magic Trust creates undistributed discretionary interest

In Nevada, a trust generally is irrevocable "except to the extent that a right to amend or revoke the trust is expressly reserved by the settlor." Nev. Rev. Stat. Ann. §163.004(2). A revocable trust provides its beneficiaries with "only a contingent interest, at most, while the settlor is still alive." *Linthicum v. Rudi*, 148 P.3d 746, 749 (Nev. 2006). The Magic Trust is a revocable trust. (Exh. B at ¶¶ 1.2, 9.1); (*see* Crim. ECF No. 207 at 2).

Nevada law defines the rights of beneficiaries in connection with discretionary trusts: "[a] beneficiary who has a discretionary interest in a trust does not have an enforceable right to a distribution from the trust." Nev. Rev. Stat. Ann. § 163.419(1). Additionally, if a trust instrument requires the trustee to distribute trust income and principal to the beneficiaries for their support but qualifies that support requirement by granting the trustee full discretion to make support distributions, then the trust beneficiaries only possess a discretionary interest in the trust distributions. *See* Nev. Rev. Stat. Ann. §§ 163.4155, 163.4185(1)(b) & (3).

Section 5.1 of the Magic Trust instrument provides exactly this type of authority:

> **Distribution of Assets During the Lifetime of the Primary Beneficiaries**. Until the deaths of the Primary Beneficiaries, the net income and principal from the Trust shall be distributed to the Primary Beneficiaries as is necessary, in the sole discretion of the Trustee or Trustees, for the support, happiness and health needs of the Primary Beneficiaries.

(**Exhibit B**, at ¶5.1). The express terms of the Magic Trust make it clear that the trustees retain "sole discretion" to make any support distributions. (*Id.*). As a result, under Chapter 163 the Magic Trust only grants a discretionary undistributed interest in the Magic Trust's assets to its beneficiaries, including Fuechtener. Thus, Fuechtener has no "enforceable right to a distribution from the trust." *See* Nev. Rev. Stat. Ann. § 163.419(1).

### B. Fuechtener's interest in Magic Trust is exempt from execution

Nevada law makes a wide category of property exempt from execution by statute. *See* Nev. Rev. Stat. Ann. § 21.090. Certain interests in trust assets are among the types of property made exempt by the Nevada legislature. *Id.* at §21.090(cc), (dd); *see* D. Grant & J. Cooper, *Nevada Laws Provide Top Trust Situs*, Nev. Law. Mag., May 2010, (available at https://www.nvbar.org/nvlawmag-archive-957232/May_2010_Trust_Situs.pdf). The Magic Trust has a spendthrift provision which in turns triggers more generous property exemption protections. (*See* **Exhibit B** at ¶12.5) ("Spendthrift Provision"). As a result, both "mandatory" and "discretionary" distribution interests held by Magic Trust beneficiaries are exempt from execution until the time of actual disbursement. Nev. Rev. Stat. Ann. §21.090(cc)(2), (dd) (1). Even if Magic Trust beneficiaries had a right to enforce their

support interest (which they do not as described above), the undistributed support interest would still be exempt. Nev. Rev. Stat. Ann. §21.090(dd)(2).

The protections afforded trust property under Nevada law do not end with the § 21.090 exemptions. Nevada law also specifically prohibits any "creditor" action or court order requiring at trustee to:

> (1) Distribute any discretionary interest;
> (2) Distribute any mandatory interest which is past due directly to a creditor; or
> (3) Take any other authorized action in a specific way

Nev. Rev. Stat. Ann. § 163.417(1)(c). A trustee cannot be required to distribute a "beneficial interest" solely because the named "beneficiary is a trustee." *Id.* at (1)(d). Additionally, the same statute expressly provides that "[t]rust property is not subject to the personal obligations of the trustee, even if the trustee is insolvent or bankrupt." § 163.417(2).

The funds which belong to the Magic Trust and are held in the registry were never distributed by the Magic Trust to any beneficiaries. Instead, the funds were ordered deposited directly at or near the time of closing from the Donald Nelson property sale. (*See* Crim. ECF No. 207 at 2) ("no dispute" the funds came from Magic Trust property). The Magic Trust, through its co-Trustee Frank Alford, intervened as an interested party in the underlying criminal case to assert its right to the funds. (*See* Crim. ECF No. 188, 197, 214). Holding the Magic Trust property in the court registry has not caused a transmutation of the essential character of those funds: they still belong to the Magic Trust.

Plaintiffs have sued Fuechtener, not the Magic Trust. Trust property is not

1 subject to the personal obligations of Fuechtener as a trustee even if he is

2 personally insolvent. Nev. Rev. Stat. Ann. § 163.417(2). Neither Plaintiffs nor a

3 court can force Fuechtener as a trustee of the Magic Trust to "take any…authorized

4 action in a specific way," regarding the funds being held. Nev. Rev. Stat. Ann.

5 §163.417(1)(c). So, it is indisputable that Plaintiffs cannot reach the Magic Trust

6 funds through Fuechtener in his role as a co-trustee.

7 Plaintiffs can do no better based on Fuecthener's status as a Magic Trust

8 beneficiary. Any interest Fuechtener has in the funds still held which belong to the

9 Magic Trust is undistributed. Fuechtener has no "enforceable right to a

10 distribution," from the Magic Trust since the trust includes only a discretionary

11 support interest. Nev. Rev. Stat. Ann. § 163.419(1); *see* § 163.4185(3) (classifying

12 interests). As a result, Plaintiffs cannot force the Magic Trust to distribute the trust

13 property being held directly to them through Fuechtener in his role as a beneficiary

14 either.

15 Last, Fuechtener's interest in the Magic Trust funds being held is property

16 which is exempt from execution under Nevada law. To reiterate, Fuechtener's

17 interest in the Magic Trust property is classified as a discretionary interest.

18 Fuechtener's discretionary interest in the corpus of the Magic Trust which consists

19 in part of funds being held by the Clerk of Court is unequivocally "undistributed."

20 Discretionary interests in Magic Trust property which are undistributed are

21 categorically exempt from execution. Nev. Rev. Stat. Ann. § 21.090(1)(cc)(2).

22 Further, since the Magic Trust contains a spendthrift provision, even Fuechtener's

23

beneficial interest in the trust were classified as mandatory it is still undistributed and thus exempt. Nev. Rev. Stat. Ann. § 21.090(1)(dd)(1) & (2). Since Fuechtener's interest in the undistributed portion of the Magic Trust property is exempt from execution it would be unlawful to grant Plaintiffs' requested writ of attachment. The Court should deny Plaintiffs' motion.

### III. Alternatively, the Court should hold an evidentiary hearing after proper notice to determine if a writ of attachment should issue.

Fuechtener believes that Plaintiffs' motion should be denied outright as discussed at length above. However, if the Court disagrees with Fuechtener that denial is proper at this stage then the Court should order an evidentiary hearing prior to granting Plaintiffs' motion. *See* Nev. Rev. Stat. Ann. § 31.013 (permitting attachment in limited class of cases "after notice and hearing."). Ordering an evidentiary hearing in this case where Plaintiffs have not complied with Nevada law's substantive or procedural requirements would help assure that attachment does not improperly issue and deprive Fuechtener, or the Magic Trust, of due process of law. *See Tri-State Dev., Ltd. v. Johnston,* 160 F.3d 528 (9th Cir. 1998).

### Conclusion

The Court should deny Plaintiffs' motion for pre-judgment writ of attachment since it is improper for the reasons stated above. Alternatively, the Court should hold an evidentiary hearing on Plaintiffs' request prior to issuing any writ of attachment.

Respectfully submitted,

/s/ Lance J. Hendron


Lance J. Hendron
Nevada State Bar No. 11151
Guymon & Hendron
625 S. Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 758-5858
Email: lance@ghlawnv.com

Local Counsel for Jan Fuechtener


/s/ Zachary L. Newland
Zachary L. Newland
Senior Litigation Counsel
**Brandon Sample PLC**
P.O. Box 250
Rutland, Vermont 05702
Phone: (802) 444-4357
Email: zach@brandonsample.com
Texas Bar: 24088967
https://brandonsample.com

Counsel *Pro Hac Vice*[2] for Jan Fuechtener

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 1st day of November 2019, via CM/ECF on all counsel of record.


/s/ Lance J. Hendron
Lance J. Hendron

---

[2] Counsel's *pro hac vice* petition is still pending at this time. (*See* ECF No. 30).