John A. Kawai, NSBN 14893
CARPENTER, ZUCKERMAN & ROWLEY
400 South 4th Street, Suite 500
Las Vegas, NV. 89101
Tel:   (805) 272-4001
Email: jk@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
Tel:  (425) 747-4500
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, #550
Seattle, WA  98119
Tel: 206) 957-7272
Email: carol@hepburnlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| "LILY," "SARAH," "SOLOMON," JANE BROWN as next friend for "VIOLET," a minor, JANE DOE as next friend for "PIA," "MYA," and "AVA" minors, "ANDY," and "JENNY," <br><br> Plaintiffs, <br><br> v. <br><br> JAN ROUVEN FUECHTENER, <br><br> Defendant. | Case No. 2:19-cv-00352-RFB-EJY <br><br> PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S RULE 12 MOTION TO DISMISS  FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES |

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

## MEMORANDUM IN OPPOSITION TO DEFENSE RULE 12 MOTION

Having pled guilty to crimes against Plaintiffs, defendant continues to deny responsibility for his actions and liability to Plaintiffs, although the law clearly permits Plaintiffs' suit against Defendant, and the court is empowered to grant the relief Plaintiffs seek.  Plaintiffs' claims under Masha's Law, 18 U.S.C. §2255, are properly pled and state a proper claim for Plaintiffs against the Defendant, a possessor of their child sex abuse images.

## STATEMENT OF ISSUES TO BE DECIDED

1.      May an adult, who as a minor was the victim of a child pornography offense, bring a claim against a subsequent possessor of her child sex abuse imagery?

2.      Have Plaintiffs herein sufficiently pleaded that they suffered injury as a result of Defendant's possession of their child sex abuse imagery?

     a.  Do Plaintiffs who were adults at the time of Defendant's predicate offense have a cause of action?

     b.  As victims of Defendant's child pornography crimes, are Plaintiffs' injuries  and causation for those injuries established as a matter of law as set forth in substantial caselaw of the United State Supreme Court?

## TABLE OF CONTENTS

**Page**

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS…………….………….………..2

STATEMENT OF ISSUES TO BE DECIDED……………………………………...……………2

TABLE OF AUTHORITIES……………………………………………………………..…. 3

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

MEMORANDUM OF POINTS AND AUTHORITIES…………………………….........5

    A.  INTRODUCTION……………………………………………………….........5

    B.  FACTS…………………………………………………………………..……7

        1.  Plaintiffs' allegations under 18 U.S.C. §2255………………………….…7

        2.  Additional Facts. …………………………………………………………9

    C.  ARGUMENT…………………………………………………….......….……9

        1.  Under Rule 12(b)(6) All Allegations Must Be Construed in Favor of Plaintiffs…..........9

        2.  Defendant Is Estopped from Denying Elements of His Crime in This Case………...11

        3.  Claims of Adults Are Specifically Allowed Under 18 U.S.C. §2255……..……….12

        4.  Plaintiffs Have Sufficiently Alleged Personal Injuries..……………….…..……...18

        5.  Section 2255 Establishes That Being a Victim of A Child Pornography Crime Is Causation Sufficient for Liquidated Damages……………………..........................20

        6.  Plaintiffs Need Not Prove Specific Damages……………………………..…..23

        7.  Plaintiffs Request Leave to Amend………………………………………………24

CONCLUSION…………………………………………………..………..…………..24

## TABLE OF AUTHORITIES

**Caselaw**                                                                 **Page**

**United States Supreme Court**

*Ashcroft v. Iqbol,* 556 US 662, 679, 129 S. Ct. 1937 (2009)……………………….…………………10

*Burrage v. United States,* 571 U.S. 204, 134 S.Ct. 881 (2014)………………………………20

*New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 (1982)…………………………………18

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

*Osborne v. Ohio*, 495 U.S. 103, 110 S. Ct. 1691 (1990)……………………….……….…..18

*Paroline v. United States*, 572 U.S. 434, 134 C. Ct. 1710  (2014)…..…………………….*passim*

*Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338 (2013)……………………..…...21

**Circuit Courts of Appeal and District Courts**

*Doe v. Boland*, 698 F. 3d 877, 881 (6ᵗʰ Cir. 2012)………………………………… 13, 14, 17, 20, 23

*Doe v. Hekseth*, 828 F.3d 159 (3ʳᵈ Cir., 2016)…..………………………………….12, 14, 15, 23

*Eli Lilly & Co. v. Gitmed*, 2017 WL 1740131 (EDCA Nov. 1 2017)…………………………….22

*Jacobsen v. Hughes Aircraft Company*, 105 F.3d 1288, 1292 (9th Cir. 1997)……………..……..9,10

*Lee v. City of Los Angeles*, 250 F. 3d 668, 679 (9ᵗʰ Cir. 2001)…………………………….…….10

*Mollett and Hellwig v. Netflix, Inc.,* 705 F.3d 1062 (9ᵗʰ Cir. 2015)……………..……......…….10

N.S. v. Rockett, USDC 16-cv-2171-AC (DCOR 2018)……………………….……..…..20

*Porter v. Jones,*  319 F.3d 483, 393 (9ᵗʰ Cir. 2003)…………………………………..……….10

*Skilstaf, Inc. v. Caremark Corp.,* 669 F.3d 1005, 1014 (9ᵗʰ Cir. 2012)…………………………10

*Singleton v. Clash*, 951 F. Supp. 2d 578, 590–91 (S.D.N.Y. 2013), *aff'd sub nom. S.M. v.*

*Clash,* 558 F. App'x 44 (2d Cir. 2014)……………………………………….............14

*United States v. Barnette,* 10 F.3d 1553, 1561 (11ᵗʰ Cir. 1994)……………………………….12

*United States v. Reynolds*, 2011 WL 1897781, at *5 (EDCA May 18, 2011)………………….…..22

*Wilshire Westwood Assocs. v. Atl. Richfield Corp.,* 881 F. 2d 801, 804 (9ᵗʰ Cir. 1989)……….…...14

**Court Rules**

Fed. R. Civ. P. 12(b)(6)……………………………………………………......9,10,20

Fed. R. Civ. P. 8(a)(2)……………………………………………….…………...10

**Statutes**

18 U.S.C.

§2252(a)(5)(B)…………………………………………………………..……..…...8, 24

§2252A(a)(2)(B)....................................................................................................8

§2252A(a)(5)(B)............................................................................................6, 8, 24

§2255…………………………………………………………….………………………*passim*

§2259 …………………………………………………………….………………………...21

§ 3664(l)…………………………………………………………….………………………11, 12

Amy, Vicky & Andy Child Pornography Assistance Act, Pub. L. No. 115-299,

132 Stat. 4383………………………………………………………………………19

**Other**

152 Cong. Rec.

S14194 (12-20-05)……………………………………………………....15, 16

S14195 (12-20-05)……………………………………………..………………15

S8012-02, S8022 (7-20-06)…………………………………...……………17

S8028 (7-20-06)……………………………………………………..…………17

H5705-01, 2006 (7-25-06)…………………………………………………17

Merriam-Webster's Collegiate Dictionary (11th ed. 2003)………………………………13

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### A. INTRODUCTION

Plaintiffs are each victims of childhood sexual abuse. Each of them was sexually abused when

 PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEF'S
RULE 12 MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM; MEMO OF POINTS AND AUTHORITIES -
5

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

she or he was a child; images of their sexual abuse were created and disseminated on the internet and illegally acquired and possessed by others, including Defendant. Defendant pled guilty to three counts of violating  the prohibitions against possessing, receiving, and distributing child pornography as contained 18 U.S.C. § 2252A(a)(5)(B)  and (a)(2) and (b).  The Defendant entered a Plea Agreement, filed with this court on November 17, 2016, and changed his plea to Guilty that same day before Chief Judge Gloria M. Navarro.   See Declaration of Carol L. Hepburn (hereafter "Hepburn Dec."), Ex. 1, Plea Agreement at p.2, ll. 5-9.   This plea came after three days of bench trial on the charges.

The plea agreement signed that day by the Defendant and his counsel provided in pertinent part:

> The United States and the defendant stipulation (sic) and agree that that (sic) the child pornography images received, distributed, or possessed by the Defendant depicted images of victims being sexually abused and further agree that a victim's knowledge that images of his or her abuse is being disseminated and possessed by other (sic) and caused certain victims to be re-victimized and has resulted in harm that is distinct from that suffered from the actual contact physical sexual abuse, thus such victims are harmed by the actions of the defendant.

See Hepburn Dec., Ex. 1, Plea Agreement.

On March 6, 2019 the Court entered a Judgment that included restitution for $5,000 for each of the Plaintiffs here.   Ex. 2, Hepburn Dec., Judgment p. 9.

At the sentencing hearing, as he asked the court for "a second chance at life," Defendant made a statement to the Court, and to all in attendance, which included the following:

> ….But most of all, I would like to apologize to the victims.  I realize that, by possessing and sharing child pornography, one is revictimizing an abused child.

> During my incarceration, I signed up to a victim impact class at the detention center where I learned with other inmates about the lifelong suffering victims of child pornography have to endure and how this suffering is a distinguished one from the one

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEF'S RULE 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMO OF POINTS AND AUTHORITIES - 6

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

put upon the victims by the original abuser, the one who produced the video.

<u>See</u> Hepburn Dec., Ex. 3, Partial Transcript of Proceedings regarding Imposition of Sentence[1], at p. 78, ll. 15-24,  and at p. 80, ll. 3-4.  Defendant also acknowledged the need to pay restitution and stated his willingness to pay restitution.  <u>Id.</u> pp. 78-79.

As a matter of law, Judge Navarro, in entering the order for restitution contained in the judgment,  has already determined that Mr. Fuechtener possessed child pornography including images of the Plaintiffs. Moreover, Mr. Fuechtener agreed that each of the Plaintiffs herein is a victim of his crime and was deserving of restitution. There was no argument by either defendant or his counsel at the sentencing hearing about either the amount of restitution or which of the victims having made claims were entitled to it.  <u>Id.</u>  Mr. Fuechtener's possession of the images of Plaintiffs' sexual abuse is res judicata, and it forms a basis upon which relief should be granted under 18 U.S.C. §2255. Plaintiffs sustained personal injuries as a matter of law by virtue of being victims of child pornography crimes.

**B.  FACTS**

**1.  Plaintiffs' Allegations under 18 U.S.C. §2255**

The statute in question, 18 U.S.C. §2255(a) provides:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A [the section applicable to Mr. Fuechtener], 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of **whether the injury occurred while such person was a minor**, may sue in any appropriate United Stated District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of

---

[1] <u>See</u> pages 5-6 of Ex. 3 to Hepburn Dec. where sidebar transcript is sealed and omitted from this transcript.  The page reference is to the PACER pagination at the top margin of the document.

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

$150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate. 18 U.S.C. §2244(a).

As Plaintiffs have alleged, they were each sexually abused as minors, and images (both photographs and video images) of their sexual abuse were created and disseminated to others over the internet.   ECF 1, Complaint ¶¶ 19-22, 24-25, 27-28, 30-31, 33-34, 36-37, and 39-40. The Defendant was charged by Complaint on March 14, 2016 with knowingly possessing child pornography in violation of 18 U.S.C. §2252A(a)(2) and (b).  ECF 1, Complaint ¶ 46.

Plaintiffs allege that analysts at the Nation Center for Missing and Exploited Children (NCMEC) matched child pornography found in Defendant's possession to known images of child pornography of the Plaintiffs.  ECF 1, Complaint ¶43.

Plaintiffs allege that they each received notice on May 18, 2016 of their child sex abuse imagery (child pornography) being included within Defendant's collection. ECF 1,  Complaint ¶47. Plaintiffs also allege Defendant entered a plea agreement and pleaded guilty to the three counts of knowingly possessing, receiving, and distributing child pornography.  ECF 1, Complaint ¶¶ 53, 55. See Hepburn Dec.,  Ex. 1., Plea Agreement.

 Plaintiffs further allege that "The Plaintiffs suffered personal injury as a result of the Defendant's violation of 18 U.S.C. §2252(a)(5)(B) and 2252A(a)(2)." (sic)[2]  ECF 1, Complaint ¶¶ 23,

---

[2] Defendant's criminal charge, plea, and judgement was actually based on violation of 18 U.S.C. Section 2252A(a)(5)(B) and 2252A(2)(a).   Plaintiffs' Complaint herein thus contains a typographical error omitting the "A" of the charging section.  However, the verbal description of

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

25, 29, 32, 35, 38, 41. As alleged in the Complaint two of the plaintiffs were minors at the time of filing of the Complaint, and five were adults.

Based upon the above allegations the Plaintiffs assert a cause of action under 18 U.S.C. §2255 which allows civil claims for damages to those victims of predicate offenses including Mr. Fuechtener's violations of 18 U.S.C. §2252A.

2. **Additional Facts.**

Defendant and the Government agreed to restitution for each of the Plaintiffs herein.  There was no argument or quibbling at sentencing about restitution.  Restitution for each plaintiff was agreed to and included in the Judgment in the underlying Criminal Case.  As stated in Defendant's Sentencing Memorandum:

> Jan has many personal challenges at the moment, but nevertheless, he is ready to accept responsibility for his actions and move forward with his life.  This is evidenced by both his guilty plea and his willingness to pay restitution in full.

See Hepburn Dec. Ex. 11, at p. 24, ll. 15-7, & 24-25, Mr. Fuechtener's Judgment; Hepburn Dec. Ex. 2, p. 9.

**ARGUMENT**

**1.  Under Rule 12(b)(6) all allegations must be construed in favor of Plaintiffs.**

In *Jacobsen v. Hughes Aircraft Company*, 105 F.3d 1288 (9th Cir. 1997), the Ninth Circuit Court of Appeals, evaluating the District Court's dismissal of a plaintiff's lawsuit, wrote:

---

the crime he pleaded guilty to and was convicted of was "federal child pornography statutes." Plaintiff requests herein for leave to amend the Complaint.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEF'S RULE 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMO OF POINTS AND AUTHORITIES - 9

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

It is axiomatic that a complaint should not be dismissed unless 'it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson,* 355 U.S. 41, 45-46 [78 S.Ct. 99, 102, 2 L.Ed.2d 80] (1957); See 5 C. Wright & A. Miller, Federal Practice & Procedure §§ 1202, 1205-1207, 1215-1224, 1228 (1969)." *McLain v. Real Estate Bd. of New Orleans,* 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980). (emphasis added).

. . .

Thus, a court's role at the 12(b)(6) stage is not to decide winners and losers or evaluate the strength or weakness of claims. *See Everest and Jennings,* 23 F.3d at 228; *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th Cir.1990). Nor can a court resolve factual questions at the 12(b)(6) stage. We must accept as true the allegations in the complaint and decide *only* whether plaintiff has advanced *potentially* viable claims.

*Jacobsen*, *supra* at 1292.

Plaintiffs must only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim-- in order to survive a motion to dismiss. *Porter v. Jones,*  319 F.3d 483, 393 (9th Cir. 2003). In deciding the instant motion all allegations in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Skilstaf, Inc. v. Caremark Corp.,* 669 F.3d 1005, 1014 (9th Cir. 2012); *Lee v. City of Los Angeles*, 250 F. 3d 668, 679 (9th Cir. 2001).

The reviewing court is "to draw on its judicial experience and common sense." *Ashcroft v. Iqbol,* 556 US 662, 679, 129 S. Ct. 1937 (2009). Where the complaint, on its face, contains sufficient facts which, when taken as true, state a claim for relief which is plausible on its face, the complaint is sufficient. *Mollett and Hellwig v. Netflix, Inc.,* 705 F.3d 1062 (9th Cir. 2015), citing *Ashcroft v. Iqbol, supra,* 556 US 662, 678.

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

The plain language of the statute under which Plaintiffs claim requires that Plaintiffs have been victims of certain crimes while minors, that they thereby suffered injury <u>though such injury need not be suffered while a minor</u>. Through their Complaint, Plaintiffs have alleged facts that when accepted as true provide that Plaintiffs, while minors, were victims of child pornography offenses.  They have also alleged that they are victims of Defendant's crime of possession of child pornography.

Additionally, Plaintiffs have alleged that as a result of the Defendant's actions they have suffered injury.  As Defendant has acknowledged at the time of his sentencing, each Plaintiff has alleged that he or she has suffered injury as a result of the distribution and possession of their child sex abuse images.  The facts in the Complaint provide a detailed account of the types of personal injury that each Plaintiff suffers. ECF 1, Complaint ¶¶ 22-23, 26, 29, 32, 35, 38, 41.

## 2.   Defendant is Estopped from Denying Elements of His Crime in this Case.

Chief Judge Navarro in the criminal matter has determined that these Plaintiffs are victims of his crime by virtue of the judgment imposed containing an order of restitution for them. They are by definition thus injured by his crime. He is estopped from denying the elements of his crime by 18 U.S.C. § 3664(l) which specifically provides:

> A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding . . . brought by the victim.

Mr. Fuechtener is thus estopped from denying the allegations in Plaintiffs' complaint concerning his having caused the Plaintiffs' personal injury.  That there are victims of his crimes is an essential allegation of the crimes to which he pleaded guilty.  That his victims are these Plaintiffs are essential

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEF'S RULE 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMO OF POINTS AND AUTHORITIES - 11

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

allegations in his criminal case and the basis of the restitution provided for in his Judgment. See also

Doe v. Hekseth, 828 F.3d 159 (3rd Cir. 2016), at fn. 19, likening the estoppel provision in Section

3664(l) to part of "Congress' carefully crafted statutory machinery" quoting United States v. Barnette,

10 F.3d 1553, 1561 (11th Cir. 1994).

### 3.  Claims of Adults Are Specifically Allowed under 18 U.S.C. §2255.

Defendant mis-reads the requirements of 18 U.S.C. §2255. The statute provides:
Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A [the section applicable to Mr. Fuechtener], 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, **regardless of whether the injury occurred while such person was a minor**, may sue in any appropriate United Stated District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

18 U.S.C. §2255(a). (Emphasis added.)

As they have alleged, Plaintiffs were each sexually abused as minors, and images (both

photographs and video images) were taken at that time of their sexual abuse and disseminated to

others. They were thus all minor victims of crimes under Chapter 110 of Title 18. As well, Mr.

Fuechtener possessed the childhood sexual abuse images (child pornography) of Plaintiffs, a violation

of 18 U.S.C. §2252A, and his subsequent conviction is the predicate behavior that renders him liable

to Plaintiffs.

The language of 18 U.S.C. §2255 makes clear that the civil right of action it provides is

available to " any person" who, while a minor, was a victim of a violation of certain statutes resulting

in personal injury. Defendant points to the language: "personal injury from such violation."

(Emphasis added.)  The Webster's definition of "such" is "of a kind or character to be indicated or suggested . . . of the same class, type, or sort." *Such,* Merriam-Webster's Collegiate Dictionary (11th ed. 2003).  Thus, the statute may be read as indicating that the personal injury is that which results from an action of the same kind or character as that which occurred when the victim was a minor.[3]

Two other District courts in this Circuit have recently rejected almost identical motions in *Amy et al v. Randall Steven Curtis,* USDC No. 19-cv-2184-PJH, 2019 WL 4141926, (Hepburn Dec., Ex. 4) and in *"Lily", et al., v. Kenneth Breslin,* United States District Court, Northern District of California, No. 4:19-cv-01668-YGR.  See Hepburn Dec. Exs. 5-6].[4]  In those cases, also brought under 18 U.S.C. §2255(a), some of the plaintiffs were minors at the time of filing the complaint and some were adults.

In *Curtis* Judge Hamilton found Section 2255 ambiguous and that the legislative history clearly stated the intent to correct a "flaw" in the statute.  This "flaw" had led a Federal District Court to restrict recovery to those whose injuries occurred while minors.  Rather, the *Curtis* court found that plaintiffs who had been injured as adults by those who download their child pornography images do have a right to recovery under Section 2255.  Judge Hamilton noted that a court's interpretation of the meaning of a statute should not "thwart the purpose of the over-all statutory scheme or lead to an absurd result." Quoting *Wilshire Westwood Assocs. V. Atl. Richfield Corp.,* 881 F. 2d 801, 804 (9th Cir.

---

[3] Alternatively, the phrase "who suffers personal injury as a result of such violation" may be viewed a surplusage, because to be a victim necessarily requires injury.  *Doe v. Boland,* 698 F. 3d 877, 881 (6th Cir. 2012), examines this language and considers it to be a "doublet" in that "victim" and "personal injury" are two ways of saying the same thing. *Boland,* supra at 881-82. The *Boland* court noted that "victimhood and injury need not occur simultaneously." Id.

[4] The *Breslin* motion was decided without formal findings or order.  Plaintiffs thus provide a copy of the Defendant's motion and the court's summary order of denial.  Plaintiffs' counsel herein were also plaintiffs' counsel in the *Curtis* and *Breslin* cases.  Some of the plaintiffs herein were also plaintiffs in those cases.

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1989).  *Hepburn Dec.* Ex. *4,* Curtis Order, p. 4.  The court then examined the amendments to the statute in 2006 finding that the amendments were enacted to ensure that victims of child pornography crimes should have a civil remedy after they reach age 18 because the injuries are lifelong.

In the Southern District of New York, the Court considering a statute of limitations issue relative to the Section 2255 made the following observation:

> The plaintiffs also argue that Congress intended to allow plaintiffs to bring claims based on a delayed "connection to the injury" theory because Congress amended Section 2255 in 2006 to clarify that Section 2255 is available "regardless of whether the injury occurred while such person was a minor...." *591 Pub. L. 109–248, 120 Stat. 650. However, legislative history indicates that the clause was added to account for situations in which violations that first occurred when a plaintiff was a minor were re-perpetrated after a plaintiff reached adulthood. *See Sexual Exploitation of Children over the Internet: What Parents, Kids and Congress Need to Know about Child Predators:* Hearing Before the H. Subcomm. on Oversight & Investigations, 109th Cong. 456–57 (2006). For example, if a would-be defendant downloaded child pornography that is twenty years old, the "child" who is no longer a minor may bring a claim under Section 2255 based upon this new violation by the would-be defendant. *See Id.; Boland,* 698 F.3d at 881 ("A child abused through a pornographic video might have one § 2255 claim against the video's creator as soon as it is produced and another against the distributor who sells a copy of the video twenty years later.").

Singleton v. Clash, 951 F. Supp. 2d 578, 590–91 (S.D.N.Y. 2013), aff'd sub nom. S.M. v. Clash, 558 F. App'x 44 (2d Cir. 2014).

Similarly, in *Doe v. Hekseth*, 828 F.3d 159 (3rd Cir., 2016), the Circuit Court analyzed the text of 18 U. S.C. §2255 and the remedial scheme put in place by Congress for child victims of sex crimes. (The appellate case arose in the context of review of a dismissal of the case by the District Court for failure to state a claim.)  In looking at the propriety of allowing a civil claim to a victim who had previously received restitution, the court examined the legislative history, observing that allowing such

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEF'S RULE 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMO OF POINTS AND AUTHORITIES - 14

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

a claim ". . . is consistent with Congress's remedial scheme for child victims of sex crimes." *Doe v. Hekseth*, *supra* at 168.

In looking further at the legislative history we see that in 2005, the Bill which became Masha's Law was introduced "to provide meaningful civil remedies for victims of the sexual exploitation of children...." Cong. Rec. S14195 (12-20-05).  At the outset, Senator Kerry, one of the two sponsors of the bill, explained that the purpose of the legislation was "to increase civil penalties for child exploitation."  He went on to state, "Our legislation is a small piece of a larger battle that we believe will stop would-be child predators and protect our children."  Id.  He noted that child pornography had become a "multi-billion dollar internet business", and that the Bill was an effort to stop such downloading of child pornography of Masha and others like her.  As to Masha, "The damage has been done and will continue until people stop downloading pictures of her off the internet."  Id.  Thus, Senator Kerry noted that the Bill was designed to stop the downloading of child pornography, rather than to just stop downloading until the victim turned 18.

Senator Kerry additionally noted that the Bill tripled the penalty for two purposes – to provide a "deterrent to those who disseminate and possess child pornography" and to provide a "means of compensating victims...."  Cong. Rec. S14194 (12-20-05).  Senator Kerry stated that existing statutory damages were "flawed" because otherwise the improper downloading of a song – which violates copyright law and which can result in civil damages of $150,000 – is far less detrimental to the victim yet engendered higher compensation.  Id.

Senator Kerry asserted that the Bill was designed to correct another "flaw[]" in then-existing law which had prevented adult victims of child pornography from bringing suit.  Id.  The prior version of

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEF'S RULE 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMO OF POINTS AND AUTHORITIES - 15

the statute provided that "Any minor who is victim" could bring a lawsuit for specified conduct which

the courts had interpreted to mean that only minors could bring suit.  This was viewed as an unacceptable

defect in the law which the amendment of Section 2255 was designed to correct.  As Senator Kerry

explained in connection with introducing the bill in 2005:

> The current statute states that "Any minor who is a victim of a violation [of the act] may
> sue in United States District Court''. This language has been interpreted literally by a
> Federal district court to restrict recovery to plaintiffs whose injuries occurred while they
> were minors.  Thus, when victims turn 18 they cannot recover against their perpetrators
> even if pornographic images of them as children are still distributed via the internet.
>
> . . .
>
> Our legislation would clarify the statute to **include victims of child pornography who
> are injured as adults by the downloading of their pornographic images.**

Cong. Rec. S14194 (12-20-05).   (Emphasis added.)  Thus, Senator Kerry stated that the statute was

intended to provide a remedy for victims not only for offenses committed while the victim was a

minor but also a remedy for a victim injured as an adult as a result of downloading.

Similarly, statements in the Senate and the House delivered shortly before the passage of

Masha's Law, confirmed that the purpose was to provide a remedy to adult victims of image

trafficking.  On July 20, 2006, Senator Kerry stated,

> Masha's Law ... would **ensure that victims of child pornography whose images
> remain in circulation after they have turned 18 can still recover when those images
> are downloaded.** The injuries do not cease to exist simply because the victim has turned
> 18. They continue and so should the penalties.

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

152 Cong. Rec. S8012-02, S8022, 2006 WL 2034118 (7-20-06).[5]

The Sixth Circuit has commented upon this remedial scheme in a case where a forensic expert morphed stock online photos of children's faces onto other photos of pornography for purposes of in-court testimony. He claimed an exemption as an expert witness.  The court however, found that the children had a claim under §2255 for this production of child pornography using their images.  In discussing the statute, the court observed:

> A child abused through a pornographic video might have one §2255 claim against the video's creator as soon as it is produced and another against the distributor who sells a copy of the video twenty years later. Cast in this light, the statute's separate references to 'victim' and 'personal injury' show only that minor victims may sue for injuries they incur later in life; the statute does not create one category of victims and another category of people who suffer personal injuries.

*Doe v. Boland*, *supra,* 698 F. 3d 877, 881 (6th Cir. 2012).

---

[5] See also Cong. Rec. S8028 (7-20-06) (The Bill "will also ensure that victims of child pornography whose images remain in circulation after they have turned 18 can still recover when those images are downloaded.") (Senator Leahy).

On July 25, 2006, Republican Congressman Gingrey also noted that Masha's Law was intended to reach those who distribute and underline consume child pornography.

> This provision dramatically increases civil statutory damages for child exploitation, creating a civil avenue victims of child sexual exploitation can pursue to recover monetary damages from their predators. This includes those who produce, distribute, and **consume** child pornography.

152 Cong. Rec. H5705-01, 2006 WL 2060156 (7-25-06). (Emphasis added.) Congressman Gingrey went on to describe: "The sad reality is that although these monsters can be put behind bars, the victims of internet child pornography will continue to be exploited."  Id.  He explained that he introduced Masha's Law into the Congress in order to provide victims with an ongoing means of recovering damages and holding the traffickers in their child pornography responsible over the long term.   "Therefore as their pictures are downloaded and traded, year and year, these victims can continue to seek justice from these horrendous crimes."  Id.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEF'S RULE 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMO OF POINTS AND AUTHORITIES - 17

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

Thus, multiple authorities have observed and affirmed that Masha's Law is intended to provide victims of child pornography violations a civil remedy over the entire period of their victimization.

### 4.  Plaintiffs Have Sufficiently Alleged Personal Injuries.

Plaintiffs have made specific allegations of the harms they have suffered as a result of Defendant's crime.  Moreover, the courts have recognized, and it may be said as a matter of law, that victims of child pornography offenses suffer profound and life-long personal injury.  In *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348 (1982) the Supreme Court first recognized the harms suffered by victims of child pornography.  The court wrote that trafficking abuse images of a child "poses an even greater threat to the child victim than does sexual abuse or prostitution," because the victim must "go through life knowing that the recording is circulating within the mass distribution system for child pornography." *Ferber, supra* 458 U.S. at 759.

In *Osborne v. Ohio*, 495 U.S. 103, 110 S. Ct. 1691(1990) the Court upheld the constitutionality of an Ohio statute prohibiting possession of child pornography, and noted that trafficking of a child's sexual abuse images "may haunt him for years to come, and which available evidence suggests, may be used by pedophiles to seduce other children." *Osborne* at 103-104.

More recently, in *Paroline v. United States*, 572 U.S. 434, 134 S. Ct. 1710 (2014), the court describes the injury flowing to the victim from a child pornography offense.

> The demand for child pornography harms children in part because it drives production, which involves child abuse. The harms caused by child pornography, however, are still more **[134 S.Ct. 1717]** extensive because child pornography is " a permanent record" of the depicted child's abuse, and " the harm to the child is exacerbated by [its] circulation." *Id.*, at 759, 102 S.Ct. 3348, 73 L.Ed.2d 1113.

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

. . .

These crimes were compounded by the distribution of images of her abuser's horrific acts, which meant the wrongs inflicted upon her were in effect repeated; for she knew her humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes committed against her.

*Paroline, supra* at 572 U.S. 439-440, 441.

*Paroline* was a criminal case in which the defendant possessed "only" two images of the victim of child pornography known as "Amy."  As the Court noted, Amy's suffering is illustrative of that suffered by all victims of child pornography crimes.

Most recently, in the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, signed December 7, 2018, Congress made findings as follows:

Sec. 2 Findings
. . .

(2) The harms caused by child pornography begin, but do not end, with child sex assault because child pornography is a permanent record of that abuse and trafficking in those images compounds the harm to the child.
. . .
(5) Victims suffer continuing and grievous harm as a result of knowing that a large, indeterminate number of individuals have viewed and will in the future view images of their childhood sexual abuse. Harms of this sort are a major reason that child pornography is outlawed.

(6) The unlawful collective conduct of every individual who reproduces, distributes, or possesses the images of a victim's childhood sexual abuse plays a part in sustaining and aggravating the harms to that individual victim.

Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, S. 2152, PL 115-299, Sec. 2 (2), (5) & (6), See Hepburn Dec. Ex 7.  While the Act itself does not control this matter, the finding by Congress that possession of child pornography is injurious to the children depicted *does* inform the

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEF'S RULE 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMO OF POINTS AND AUTHORITIES - 19

analysis in this case and provide further contextual support for the nexus between Defendant's criminal offense and Plaintiffs' harms.

While not precedential, an Oregon District Court opinion considered the specific pleading of personal injuries under Section 2255.  In *N.S. v Rockett,* USDC 16-cv-2171-AC (DCOR 2018), on opposing Rule 12(b)(6) and summary judgment motions, the Court, found "the legislative purpose and development of Masha's Law and its precursors support that Congress intended for civil recovery under §2255 to be expansive and inclusive, to protect victims of child sexual exploitation."  Noting *Boland, supra,* the Court found that even defendant Rockett's attempted crime, was harmful to the children and deserved a remedy under Section 2255.   *N.S. v. Rockett, supra,* ECF 38 at pp. 12-13, ECF 44.  2018WL6920125, 2018WL6920112. <u>See</u> Hepburn Dec. Ex. 8 and 9.

**5.     Section 2255 Establishes that Being a Victim of a Child Pornography Crime is Causation Sufficient for Liquidated Damages.**

Defendant argues that Plaintiffs should be held to a factual, "but-for" causation requirement.  ECF. 32 , p. 4, l. 10 to p. 7, l. 5, and pp.11-13.  Defendant provides no authority under Section 2255 and counsel for Plaintiffs is aware of none.  Rather, Defendant cites to *Burrage v. United States,* 571 U.S. 204, 134 S.Ct. 881 (2014) a criminal case concerning penalty enhancement.  The Court found "but-for" proof necessary to impose a penalty enhancement.  *Burrage* did not involve the special circumstances of child sex abuse damages; it did implicate the defendant's liberty interests; and as the concurring opinion points out, the rule of lenity was applicable.  For all these reasons *Burrage* is not authority supporting Defendant's argument herein.

*Paroline, supra,* decided *after Burrage,* supports Plaintiffs position in its holding that causation should be relaxed for purposes of consideration of injuries resulting from child pornography crimes.

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

*Paroline* recognized the unique aggregate causation circumstances of injuries to victims of child sex abuse image trafficking.  Paroline relaxed the causation standard for these harms.  If anything, *Paroline* establishes that but-for causation is <u>not</u> required to show injury from Defendant's child pornography crime.

In *Paroline*, victim Amy sought restitution under 18 U.S.C. §2259 for future treatment and counseling as part of the criminal sentencing of the defendant. The District Court declined to award any restitution; the Fifth Circuit held that each defendant who possessed Amy's images should be held liable for her entire losses. The Supreme Court ultimately determined that both lower courts erred, and set forth a "causal standard" for determining the restitution obligation of a possessor or distributor of child pornography incident to the criminal sentence. *Paroline, supra* 572 U.S. at 461.  Even though the court found the contribution of defendant Paroline's actions to the victim's losses were "very minor", and existed in the context of multiple wrongdoers causing harm, it nevertheless found sufficient proximate cause to require that he contribute to her recovery via restitution.  *Paroline, supra* 572 U.S. at 454.[6]

There is much contextual information in the legislative history to inform as to Congress' intent to provide a robust civil remedy for child pornography survivors.  There is no language in 18 U.S.C. § 2255, mandatory but-for causation.  Moreover, the language of Section 2255 and its liquidated damages provision make clear Congress' intent that victims each receive at least $150,000 in a civil

---

[6] Thus, because it is not a case involving multiple wrong-doers, *Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) , a religious and racial discrimination case cited by defendant, is not applicable to this case.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEF'S RULE 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMO OF POINTS AND AUTHORITIES - 21

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

remedy from offenders in a civil remedy that does not require proof of enumerated losses.  When a suit

is brought under Section 2255, "the victim does not have to prove the exact amount of damage a

specific defendant caused the victim." *United States v. Reynolds*, No. 09-CR-00476-AWI, 2011 WL

1897781, at p. 7, <u>See</u> Hepburn Dec., Ex. 10. (E.D. Cal., May 18, 2011). The damages available to a

plaintiff in a civil lawsuit under 2255 are "very broad, incorporating many different kinds of

compensation for an injury or loss." *Eli Lilly & Co. v. Gitmed,* No. 16-cv-00178 DAD-SAB (EDCA

Nov. 1, 2017).

It is of no consequence that defendant may not have viewed the images of the Plaintiffs nor

that he is one of many who have harmed them.  Congress and the Supreme Court knew full well the

aggregate nature of the causation in these cases.  Had Plaintiffs failed to acknowledge that other

downloaders have contributed to their injuries, we expect that Defendant's motion would have

challenged their Complaint on that ground as well.  Defendant seems to argue that as a lone possessor

of child pornography he did not harm his victims.  Yet, Defendant has already acknowledged in his

criminal matter that he has harmed each of the Plaintiffs herein.  He is estopped from litigating this

further.

The *Paroline* decision makes it clear that the Restitution statute "indicates Congress' clear

intent that victims of child pornography be compensated by the perpetrators who contributed to their

anguish." *Paroline*, *supra,* 572 U.S. at 457.[7] So, too, Masha's Law is further indication of

---

[7] In *Paroline, supra* at 457, the court noted,

> It is common ground that the victim suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured.  Harms of this sort are a major reason why child pornography is outlawed.  The

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

Congressional intent to enable victims of child pornography broad recovery. Masha's Law allows victims to recover for personal injuries beyond those which may be compensable in the context of criminal restitution.

### 6.  Plaintiffs Need Not Prove Specific  Damages.

Having elected liquidated damages, Plaintiffs need not prove any specific damages.  As noted in *Doe v. Boland,* 698 F.3d 877, 882 (6th Cir. 2012), Section 2255 "is no ordinary cause of action." Plaintiffs' proof that they are victims of Defendant's crime entitles them to liquidated damages. Section 2255 allows victims $150,000 in compensation without participating in a damages hearing if they so choose.  *Doe v. Boland,* supra.

> The point of a minimum-damages requirement [in § 2255] is to allow victims of child pornography to recover without having to endure potentially damaging damages hearings. Were it otherwise, a fresh damages hearing might inflict fresh wounds, <u>increasing</u> the child's suffering....

<u>Id</u>. (Emphasis in original).

Masha's Law allows Plaintiffs a choice: they may seek actual damages which could be in excess of $150,000, or they may seek "liquidated damages" of at least $150,000. The Plaintiffs in *Doe v. Hekseth*, *supra,* sought and were awarded liquidated damages of $150,000 each. Plaintiffs in this case also seek liquidated damages, therefore, they are not required to plead or prove actual damages with specificity.

---

unlawful conduct of everyone who reproduces, distributes, or possesses the images of the victim's abuse--including Paroline--plays a part in sustaining and aggravating this tragedy. And there can be no doubt Congress wanted victims to receive restitution for harms like this.

Carol L. Hepburn, P.S.
Attorneys at Law
200 First Avenue West, Suite 550
Seattle, WA 98119
Tel: (206) 957-7272 / Fax: (206) 957-7273

**7.  Plaintiffs Request Leave to Amend.**

Plaintiff requests leave to amend the Complaint herein to correct the error in recitation of the Section numbers of Chapter 110 Title 18 to which defendant pleaded guilty and was convicted of from the erroneously pleaded "18 U.S.C. §2252(a)(5)(B)" to "18 U.S.C.§2252A(a)(5)(B)".   Should the Court find Plaintiffs' Complaint deficient in any other respect, they request leave to amend the Complaint rather than suffer the harsh outcome of an outright dismissal.

## <u>CONCLUSION</u>

Plaintiffs have presented both a cognizable legal theory and sufficient facts to support that legal theory.  Read in the light most favorable to Plaintiffs, the Complaint has advanced potentially viable claims under 18 U.S.C. §2255. Congress intended to permit adult victims of child pornography crimes to recover. The proximate cause determination in the *Paroline* decision supports Plaintiffs' rights to civil claims under 18 U.S.C. §2255 with a relaxed standard of causation. Under the liquidated damages provisions of 18 U.S.C. §2255 Plaintiffs need not plead specific actual damages.

Dated:  December 20, 2019.

CAROL L. HEPBURN, P.S.

By  /s Carol L. Hepburn
Carol L. Hepburn , *Pro Hac Vice*
200 First Ave. West, Suite 550
Seattle, WA  98119
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net