John A. Kawai, Nevada SBN 14893
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:  (805) 272-4001
Fax:  (805) 719-6858
Email: team3@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA  98127
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| "LILY," "SARAH," "SOLOMON," WILLIAM L.E. DUSSAULT, Guardian Ad Litem for "VIOLET", a minor, JANE DOE as next friend for "PIA, a  minor, "ANDY," and "JENNY,"<br><br>Plaintiffs,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | Case No:   2:19-cv-00352-RFB-EJY<br><br>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>Judge: Honorable Gloria M. Navarro<br>United States District Court Judge |

## **MOTION**

Plaintiffs respectfully request that the court enter summary judgment for them on the claims set forth in the Complaint herein.

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Statement of Undisputed Material Facts [LR 56-1]

### A. Defendant Has Been Convicted Of Child Exploitation Crimes Committed Against Plaintiffs.

Plaintiffs file this motion under Fed. R. Civ. Proc. 56 for summary judgment against Defendant ("Defendant" or "Jan Fuechtener") seeking for each Plaintiff a judgment for the statutory damages amount of $150,000 plus their fees under 18 U.S.C. § 2255 ("Masha's Law" or "Section 2255").

This action is predicated upon the conviction of the defendant of criminal violations of 18 U.S.C. §§ 2252 and 2252A. Each plaintiff is a victim of Defendant's crimes and the criminal court has entered restitution orders in their favor establishing their status as his victims. See Plea Agreement *United States v. Fuechtener*, DCNV Case 2:16-cr-00100-GMN-CWH, Docket No. 146, attached as Ex. 1 to Declaration of Carol L. Hepburn (hereinafter "Hepburn Dec.").

### B. Each Plaintiff Is An Identified Victim Of Child Sexual Exploitation Crimes Whose Images Comprise A Known Child Pornography Series.

While their individual stories are different, each of the plaintiffs herein was sexually exploited as a child. Each was forced to perform sexual acts with an adult for purposes of creating images of that child sex abuse. The images and videos of each of the plaintiffs are now circulated on the internet for the gratification of those who would download and view them for their own sexual pleasure. The Plaintiffs' child sex abuse images and videos constitute child pornography under 18 U.S.C. 2256(8). See Judgment and Appended Restitution List, *United States v. Fuechtener*, DCNV Case 2:16- cr-00100-GMN-CWH, Ex. 3 Hepburn Dec.

///

## C. Each Plaintiff Is A Victim Of Fuechtener's Child Pornography Crime Under 18 U.S.C. §2252A, For Which He Was Convicted And Ordered To Pay Restitution To Plaintiffs.

Defendant Fuechtener was charged with and pleaded guilty to Possession, Receipt, and Distribution of Child Pornography in violation of 18 U.S.C. §2252A. See Plea Agreement *United States v. Fuechtener*, DCNV Case 2:16-cr-00100-GMN-CWH, Docket No. 146, Ex. 1 Hepburn Dec.

In his written plea agreement Defendant Fuechtener agreed that the images he possessed showed the victims being sexually abused and that each of his victims suffered "harm that is distinct from that suffered from the actual contact physical sexual abuse, thus such victims are harmed by the actions of [Fuechtener]." Hepburn Dec. Ex. 1, p. 11, ll. 6-10.

Fuechtener further agreed in his plea agreement that he would pay restitution in the amount of $5,000 per victim, for any victim identified through the child Victim Identification Program (CVIP) and/or Child Recognition and Identification System (CRIS) who requested restitution. Hepburn Dec. Ex. 1, p. 11, ll. 11-15.

Plaintiffs each were identified as victims whose child pornography images were found in Fuechtener's child pornography collection; each submitted a restitution request in the criminal prosecution; and each plaintiff was awarded restitution.

At his sentencing hearing Defendant made a point to apologize to his victims:

> But most of all, I would like to apologize to the victims. I realize that, by possessing and sharing child pornography, one is revictimizing an abused child.

*See* Sentencing Transcript, *United States v. Fuechtener*, DCNV Case 2:16-cr-00100-GMN-CWH p. 114, (page 42 of pdf and page 78 according to the ECF pagination on top margin), ll. 15-18, Ex. 2 Hepburn Dec.

In the Judgment and Appended Restitution List entered by the criminal court, each of the plaintiffs in this case is identified as a victim to whom Fuechtener owed restitution. See Judgment and

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 3

Appended Restitution List, *United States v. Fuechtener*, DCNV Case 2:16- cr-00100-GMN-CWH, Ex. 3 Hepburn Dec..

Defendant has in fact paid his restitution obligation to Plaintiffs. See Judgment *United States v. Fuechtener*, DCNV Case 2:16-cr-00100-GMN-CWH, Doc. 345, page 9, attached as Ex. 2, Hepburn Dec., ¶ 6 Hepburn Dec., and Declaration of James R. Marsh at ¶4.

## II.  Issue Presented.

Is a child pornography defendant's civil liability to a child pornography victim established under 18 U.S.C. 2255 when the defendant was convicted of a child exploitation crime under 18 U.S.C. 2252A, and the criminal court determined that each plaintiff was a victim of the defendant's child pornography crimes, and the defendant was ordered as a part of his criminal judgment and sentence to pay restitution to the plaintiff?

## III.  Evidence Relied Upon.

As shown by the citations in the Statement of Facts above, Plaintiffs rely upon the court record in Fuechtener's criminal case, the declarations of Carol L. Hepburn and James R. Marsh and the exhibits thereto, of which the Plaintiffs request that the Court take Judicial Notice.  Plaintiffs further rely upon the records and files herein.

## IV.  Authorities and Argument.

### A. Plaintiffs Are Entitled To Summary Judgment Under Masha's Law.

Plaintiffs' claims arise under 18 U.S.C. § 2255 which is also known as Masha's Law.  This statute provides a civil remedy to victims of a defendant's violation of certain child exploitation statutes.  Since there is no genuine dispute about any material fact in this case, there is sufficient evidence for the Court to find that Fuechtener is liable to them under Masha's Law.

**B. The Summary Judgment Standard**

Summary judgment will be granted when "there is no genuine dispute as to any material fact." Fed. R. Civ. Proc. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Parapluie, Inc. v. Mills,* 555 Fed.Appx. 679, 680 (9th Cir. 2014). Once the movant has met his initial burden of showing "an absence of evidence" supporting the nonmoving party's case, the burden is on the nonmoving party to show with "specific facts" that there is a genuine issue of fact suitable for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505; *Parapluie, Inc.,* 555 Fed. Appx. at 680.

**C. The Undisputed Facts Of Fuechtener's Conviction Of Violations Of 18 U.S.C. § 2252A And The Restitution Order Entered Against Him In Favor Of The Plaintiffs Establish Civil Liability Under 18 U.S.C. § 2255.**

Plaintiffs' proof satisfies the elements of liability under Masha's Law. That statute provides in pertinent part:

> Any person who, while a minor, was a victim of a violation of section . . . 2252A . . . of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees.

18 U.S.C.2255(a).

Under Section 2255, three elements must be shown: (1) the defendant violated Section 2252A or other specified statute, (2) the plaintiff was a victim of that violation, and (3) the plaintiff suffered a personal injury as a result of such violation. Once these elements are proven, the victim "shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, as well as the cost of the action, including reasonable attorney's fees and other litigation costs reasonably

incurred." In this case, the Plaintiffs elected to receive the statutory liquidated damages amount of $150,000 each, along with attorney's fees.

The criminal judgment awarding each Plaintiff restitution establishes the second element under Masha's Law that each Plaintiff is a victim of Fuechtener's acknowledged child pornography crimes.

As victims of child pornography, each Plaintiff has suffered de facto personal injury from Fuechtener's undisputed criminal acts. Fuechtener's admission in his written plea agreement of the distinct harm and continued victimization his child pornography crimes inflicted on his victims is further acknowledgement that Fuechtener personally injured each victim. These two facts fulfill the third and final element under Masha's Law.

### D. Fuechtener Is Estopped To Deny The Essential Allegations Of His Crime And The Injury Suffered By The Plaintiffs.

Where a defendant has been convicted of child exploitation crimes and an order of restitution entered, he is estopped from denying the essential elements of the crime in any later civil action. 18 U.S.C. §3664(l).

Here Fuechtener has been convicted of possessing, receiving, and distributing child pornography. In his plea agreement he admitted that the images he possessed qualified as child pornography under federal law, that his actions were in violation of the law, and that his victims were harmed by his actions. The Fuechtener's conviction resulted in an order of restitution for each of the Plaintiffs herein.

Pursuant to Section 3664(l) he is thus estopped from denying any of the essential facts—that he possessed, received, and distributed child pornography in violation of 18 U.S.C. §2252A. The criminal court has determined that the Plaintiffs are victims of Defendant's crime as is necessary for an order of restitution pursuant to 18 U.S.C. §2259 to be imposed.

Fuechtener is further estopped by the principals of judicial estoppel.

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 6

Judicial estoppel is properly invoked where: (1) a party's later position is clearly inconsistent with its earlier position, and (2) the party's former position has been adopted in some way by the court in an earlier proceeding. *Ashmore v. CGI Grp., Inc.,* 923 F.3d 260, 272 (2d Cir. 2019). This doctrine "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) quoting from *Pegram v. Herdrich,* 530 U.S. 211, 227, n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000).

During his criminal prosecution Fuechtener sought the advantage of accepting responsibility for his crimes. He admitted his crimes, acknowledged the harms to his victims, and agreed to pay restitution. Fuechtener benefited from taking these positions by receiving a more lenient sentencing guideline and a supportive position from the Government at his sentencing. He should not now be permitted to change his position in order to avoid liability in this case. To do so would, in essence, be a fraud upon the court. Preventing such inconsistent positions is the purpose of the judicial estoppel doctrine which should apply in this case.

**E.  Courts And Congress Have Long Recognized The Unique Injuries To Victims Of Child Pornography Crimes And Masha's Law Serves Important Compensatory And Deterrent Purposes.**

It is undisputed that Plaintiffs are victims of Fuechtener's child pornography crimes and that they suffered personal injury as a result of his violations of federal law. The term "crime victim" means a person directly and proximately harmed as a result of the commission of a Federal offense 18 U.S.C. § 3771.  *See also Doe v. Boland*, 698 F.3d 877, 881 (6th Cir. 2012), *cert. denied*, 133 S.Ct. 2825 (2013). (children who were the subjects of the child sex abuse images are victims); *United States v. Blinkinsop*, 606 F.3d 110, 117-18 (9th Cir. 2010) ("[T]he children depicted in the pornography that [the defendant] received, viewed, stored, and transmitted are the real victims of his crime."); *In re*

*Boland*, 946 F.3d 335, 342 (6th Cir. 2020) (The law presumes that such [child pornography] acts, which harm children's "reputation," "emotional well-being," and privacy, cause injury….The act itself is the injury).

Victims of sex crimes need not prove any amount of damages in order to meet the requirement that they have suffered "personal injury" under Section 2255. *Boland*, 698 F.3d at 882-83. "Once a child has shown that she was the victim of a sex crime, there is little point in forcing her to prove an amount of damages, only to have the court disregard that figure and award the statutory minimum." *Id.* at 882; *see also Shovan v. Mercure*, 44 F. Supp 3d 504, 511 (D. Vt. 2014) ("While the statute makes reference to both victimization and personal injury as a result of such victimization, the text makes clear that the victims necessarily suffer injuries as a result of their victimhood (in fact, the statute assumes damages of 150,000).") "Being a victim of child sex abuse inherently causes the child to suffer personal injuries, and 'the statute does not create one category of victims and another category of people who suffer personal injuries." *N.S. v. Rockett*, No. 3:16-CV-2171-AC, 2018 WL 6920125, at *7 (D. Or. Oct. 19, 2018), report and recommendation adopted, No. 3:16-CV-2171-AC, 2018 WL 6920112 (D. Or. Nov. 28, 2018).

Certain acts create a legal presumption of injury. For instance, false statements imputing a lack of chastity are defamatory *per se*. *See In re Kennedy*, 249 F.3d 576, 582–83 (6th Cir. 2001). "Like a defamatory statement, pornography injures a child's reputation and emotional well-being, and violates the individual interest in avoiding disclosure of personal matters." *In re Boland*, 596 B.R. 532, 548 (B.A.P. 6th Cir. 2019). The law deems victims of child pornography "to have sustained damages of no less than $ 150,000 in value." *Id*.

*Boland* is illustrative if not dispositive. There, the Sixth Circuit affirmed a defendant's liability to his victims under Masha's Law where Boland created child pornography by digitally

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 8

affixing the faces of two children on photos of adults performing sex acts. The appellate court upheld an award to each victim of $150,000 in statutory damages even though the victims were never sexually abused and never photographed in sexual situations. The defendant had altered existing stock photos to create child pornography, the victims had no knowledge of the existence of the child pornography images depicting them, and there was no indication that the images were distributed.

The Court had little problem finding that even morphing victims suffer personal injuries under Section 2255, holding that:

> like defamation, those harms [from being depicted in child pornography] are "personal injuries." *See, e.g., United States v. Burke*, 504 U.S. 229, 235–36 & n. 6, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) (explaining that "personal injuries," when used in the tax code, include "'dignitary' or nonphysical tort[s] such as defamation"), *superseded by statute on other grounds*, Small Business Job Protection Act of 1996, Pub.L. No. 104–188, § 1605, 110 Stat. 1838; *see also* Restatement (Second) of Torts § 7 (defining "injury" as "the invasion of any legally protected interest of another"); Restatement (Third) of Torts: Liability for Economic Harm § 2, cmt. a (Tentative Draft) ("Defamation … is regarded as inflicting a kind of personal injury: harm to the plaintiff's reputation."); Black's Law Dictionary (9th ed. 2009) (defining "personal injury" as "any invasion of a personal right, including mental suffering").

*Boland*, 698 F.3d at 881.

**E. Plaintiffs have suffered personal injury as a matter of law.**

Importantly for this case, in 18 U.S.C. 2259 "victim" is defined as "the individual harmed as a result of a commission of a crime under this chapter…" The *Boland* court explained that:

> A victim by definition is someone who suffers an injury. A defendant convicted of a child-pornography offense must pay restitution to a "victim": "the individual harmed as a result of a commission of a [child-pornography] crime." 18 U.S.C. § 2259(c). That definition also comports with the common understanding of what it means to be a "victim." *See, e.g.,* Webster's Second Int'l Dictionary 2841 (1953) ("A person or living creature injured … at the hands of another person."); Black's Law Dictionary (9th ed. 2009) ("A person harmed by a crime, tort, or other

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 9

wrong."); Oxford English Dictionary Online (3d ed. 2012) ("One who suffers some injury, hardship, or loss.")…. [Child pornography victims] undoubtedly suffered personal injuries by any conventional reading of that phrase.

*Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012).

The Supreme Court has repeatedly recognized the unique harms that victims of child pornography crimes endure. In *New York v. Ferber*, 458 U.S. 747 (1982), the Supreme Court considered the harms experienced by victims of child pornography crimes. In *Ferber*, the Court for the first time articulated the psychological, emotional, and mental injuries suffered by victims of child pornography. The Court held that the harms from child pornography "pose[] an even greater threat to the child victim than does sexual abuse or prostitution" because the victim must "go through life knowing that the recording is circulating within the mass distribution system for child pornography." *Ferber* at 759.

In *Osborne v. Ohio*, 495 U.S. 103 (1990), the Supreme Court was asked to determine the constitutionality of an Ohio statute prohibiting possession of child pornography. The Supreme Court upheld the Ohio statute and again recognized the significant harms posed by "such materials, which permanently record the victim's abuse and thus may haunt him for years to come, and which available evidence suggests, may be used by pedophiles to seduce other children." *Id.* at 103-104.

As the Supreme Court again acknowledged in *Paroline v. United States*, 572 U.S. 434 (2014), child pornography injures the victim's reputation, emotional well-being, and privacy, inflicting personal injury on the victim, and that injury is ongoing. "It is common ground that the victim suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured." *Id*. at 457. *See also Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 249 (2002) ("[A]s a permanent record of a child's abuse, the continued circulation [of child pornography] itself would harm the child who

had participated. Like a defamatory statement, each new publication of the speech would cause new injury to the child's reputation and emotional well-being.").

In *Paroline* the Supreme Court held that the victim, Amy, was harmed as a result of that defendant's offense, and suffered losses as a result of defendant Paroline's possession of two images of her child sexual abuse, even though she knew nothing about Paroline or his offense.

> The cause of the victim's general losses is the trade in her images. And Paroline is a part of that cause, for he is one of those who viewed her images. While it is not possible to identify a discrete, readily definable incremental loss he caused, it is indisputable that he was a part of the overall phenomenon that caused her general losses. Just as it undermines the purposes of tort law to turn away plaintiffs harmed by several wrongdoers, it would undermine the remedial and penological purposes of §2259 to turn away victims in cases like this.

*Id.* at 457.

Congress has repeatedly and unequivocally recognized and declared that individual child pornography victims are harmed by the receipt, distribution or possession of child pornography. *See, e.g.,* Congressional Findings regarding the Child Pornography Prevention Act of 1996, Public Law 104–208, Section 121, Subsection 1; Hon. Christopher H. Smith, *Congressional Record*, Extension of Remarks, p. E2494 (10-20-1992) (child pornography is an "affront to the dignity and privacy of the child and the invasion of the child's vulnerability.").

In 2018, Congress made the following findings in passing the Amy, Vicky and Andy Child Pornography Victims Assistance Act:

> (1) The demand for child pornography harms children because it drives production, which involves severe child sexual abuse and exploitation.
>
> (2) The harms caused by child pornography begin, but do not end, with child sex assault because child pornography is a permanent record of that abuse and trafficking in those images compounds the harm to the child.
>
> (3) In *Paroline v. United States* (2014), the Supreme Court recognized that "every viewing of child pornography is a repetition of the victim's abuse".

(4) The American Professional Society on the Abuse of Children has stated that for victims of child pornography, "the sexual abuse of the child, the memorialization of that abuse which becomes child pornography, and its subsequent distribution and viewing become psychologically intertwined and each compound the harm suffered by the child-victim".

(5) Victims suffer continuing and grievous harm as a result of knowing that a large, indeterminate number of individuals have viewed and will in the future view images of their childhood sexual abuse. Harms of this sort are a major reason that child pornography is outlawed.

(6) The unlawful collective conduct of every individual who reproduces, distributes, or possesses the images of a victim's childhood sexual abuse plays a part in sustaining and aggravating the harms to that individual victim.

(7) It is the intent of Congress that victims of child pornography be compensated for the harms resulting from every perpetrator who contributes to their anguish. Such an aggregate causation standard reflects the nature of child pornography and the unique ways that it actually harms victims.

AMY VICKY AND ANDY CHILD PORNOGRAPHY ASSISTANCE ACT of 2018, Pub. L. No. 115-299, December 7, 2018, 132 Stat. 4383.  Congress has thus very recently affirmed and adopted the findings of the various court opinions about the serious injury which results from the actions of each and every child pornography offender like the defendant in this case.

### F.  Masha's Law Does Not Require Plaintiffs To Prove Personal Injuries; The Statute Establishes Minimum Damages Of $150,000.

Once liability under Masha's Law has been established, a victim "shall recover" her actual damages or "liquidated damages in the amount of $150,000."  In order to recover the "statutory minimum" of $150,000, there is no need for a victim to prove any actual damages.

> The point of a minimum-damages requirement is to allow victims of child pornography to recover *without* having to endure potentially damaging damages hearings. Were it otherwise, a fresh damages hearing might inflict fresh wounds, *increasing* the child's suffering *and* increasing the compensatory damages to which she is entitled. "Congress could rationally conclude" that all children depicted in morphed pornography "are seriously injured and deserve a high threshold amount of damages." *Boland,* 630 F.3d at 498. Once a child has shown she was the victim of a sex crime, there is little point in forcing her to prove an amount of damages, only to have the court disregard that figure and award the statutory minimum**.**

*Boland*, 698 F.3d at 882, emphasis in original.

The Sixth Circuit further noted the seriousness of Congress' intent to compensate victims and deter child pornography offenses through the use of $150,000 damage awards: "Congress has shown that it "means business" in addressing this problem by creating sizeable damages awards for victims of this conduct." *Boland*, 630 F.3d at 885.

**Conclusion**

The facts necessary to establish Fuechtener's liability to each of the Plaintiffs herein are clearly established by the judicial record in the criminal case which forms the predicate for this civil litigation. Fuechtener's conviction and the judgment setting restitution payable to each of the Plaintiffs mandate his liability for the statutory liquidated damages set forth in 18 U.S.C. 2255(a).

Plaintiffs have established beyond dispute all necessary elements of their claims:

1. Fuechtener was convicted of one or more of the predicate offenses enumerated in 18 U.S.C. 2255;

2. Fuechtener admitted, and the criminal court found, that the Plaintiffs were victims of Fuechtener's child pornography crimes;

3. Plaintiffs have suffered personal injuries due to Fuechtener's crimes as established by the admissions in his guilty plea, the criminal court's finding that each Plaintiff is a victim entitled to restitution, the estoppel provisions of 18 U.S.C. 3664(l), and the principals of judicial estoppel.

Plaintiffs' injuries are established as a matter of law given that they are victims of Fuechtener's child pornography crimes. The courts and Congress have long recognized the de facto injuries to children who are victims in child pornography crimes.

The Court should, therefore, grant Plaintiffs' motion for summary judgment holding Defendant Jan Rouven Fuechtener liable to pay liquidated damages under 18 U.S.C. 2255 to Lily, Sarah, Solomon, Violet, Pia, Andy, and Jenny in the amount of $150,000 each.

Plaintiffs respectfully request that the Court permit them to seek attorney's fees in a further subsequent motion.

Respectfully submitted,

Dated: June 12, 2020.   CARPENTER, ZUCKERMAN & ROWLEY

By /s John A. Kawai
John A. Kawai, NSBA No. 14893
407 Bryant Circle, Suite F,
Ojai, CA 93023
Phone: 805-272-4001
Of Attorneys for Plaintiffs


CAROL L. HEPBURN, P.S.

By  /s Carol L. Hepburn
Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, Suite 550
Seattle, WA. 98119
(206) 957-7272 phone
(206) 957-7273 fax
Emails: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah, Solomon, William L.E. Dussault for Violet, Andy and Jenny


DEBORAH A. BIANCO P.S.

By s/Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice*
14535 Bellevue-Redmond Rd., Suite 201
Bellevue, WA 98007
Phone: 425-747-4500
Facsimile: 425-747-8400
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Jane Doe for Pia

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 14