John A. Kawai, Nevada SBN 14893
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:  (805) 272-4001
Fax: (805) 719-6858
Email: jk@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA  98127
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| "LILY," "SARAH," "SOLOMON," WILLIAM L.E. DUSSAULT, Guardian Ad Litem for "VIOLET", a minor, JANE DOE as next friend for "PIA, a minor, "ANDY," and "JENNY," <br><br> Plaintiffs, <br><br> v. <br><br> JAN ROUVEN FUECHTENER, <br><br><br> Defendant. | Case No:   2:19-cv-00352-RFB-EJY <br><br> PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT <br><br><br> Judge: Honorable Gloria M. Navarro <br> United States District Court Judge |

Defendant's response does nothing to undercut the basic facts of this case:  Defendant was convicted of possessing the child sex abuse images of the Plaintiffs herein, and his conviction serves as the predicate for his liability for statutory damages to each plaintiff pursuant to 18 U.S.C. 2255.

**1. Plaintiffs' Counsel Provided Declarations Based On Personal Knowledge Of Plaintiffs' Identities And Their Status As Victims In The Criminal Restitution Matter, And Defendant Has Provided No Evidence To Create A Genuine Dispute As To Their Identities.**

In support of the Motion for Summary Judgment, Carol Hepburn, Plaintiff's attorney, submitted her own declaration, stating that she represents the plaintiffs herein.  Hepburn Dec. of June 12, 2020 (dkt. # 41-1), ¶ 2.  Ms. Hepburn additionally attested that the victims in the Judgment and Restitution List listed each of the plaintiffs as victims.  *Id.* ¶ 5.  She also attested that she received restitution for Plaintiffs Lily, Sarah, Solomon, and Violet.  *Id.*  ¶ 6.  Attorney James Marsh has attested that he represents both Andy and Jenny in criminal restitution and civil matters and that he received on their behalf the restitution paid by Defendant.  Marsh Dec. (dkt. #41-6) ¶¶ 2 & 4.  Attorney Deborah Bianco has attested that she also represents Jane Doe, Next Friend for Pia, in criminal restitution matters and that she received on their behalf the restitution paid by Defendant.  These declarations were based on counsel's personal knowledge as to the identities of their clients, their identification as victims in the criminal case, and their status as plaintiffs in this civil case.

The opposing party's evidence, whether or not it has the burden of proof at trial, must be sufficient to create a genuine dispute as to a fact that is material to the outcome of the suit.  *Rojas v. Roman Catholic Diocese of Rochester,* 660 F.3rd 98, 105-06 (2nd Cir. 2011).

> When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Summary judgment will be entered against the non-moving party if that party does not present such specific facts. *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.; Beyene v. Coleman Sec. Serv., Inc.,* 854 F.2d 1179, 1181 (9th Cir.1988).

*Motus v. Pfizer Inc.,* 196 F.Supp.2d 984, 990 (C.D. Cal. 2001), affirmed by *Motus v. Pfizer Inc.,*

358 F.3d 659, 660 (9th Cir. 2004).

> When the moving party has carried its burden under Rule 56(c), its opponent *must do more than simply show that there is some metaphysical doubt* as to the material facts … Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.

*Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 US 574, 586-587, 106 S.Ct.

1348, 1356 (1986) (emphasis added).

Defendant has produced nothing in this record to cast doubt on Plaintiffs' evidence.

Defendant has not produced any evidence, let alone sufficient evidence to create a genuine

dispute as to a fact that is material to the outcome of the suit.  He has produced no evidence to

refute Plaintiffs' declarations.

**2.   The factual link between Plaintiffs and the criminal conduct of the Defendant is the finding of the Criminal Court awarding restitution to the Plaintiffs herein.**

The predicate for entry of an order of restitution is a finding that an individual has been

harmed by the offense of the Defendant.  Defendant in his plea agreement acknowledged that there

were individuals who were harmed by his conduct.  He agreed in his plea agreement as follows:

> The United States and the defendant stipulation (sic) and agree that the child pornography images received, distributed, or possessed by the Defendant depicted images of victims being sexually abused and further agree that a victim's knowledge that images of his or her abused is being disseminated and possessed by other (sic) and caused certain victims to be re-victimized and has resulted in harm that is distinct from that suffered from the actual contact physical sexual abuse, thus such victims are harmed by the actions of the defendant.

> In consequence of these factors, if the Government meets its burden under 18 U.S.C. §2259 and pursuant to *Paroline v. United States*, 134 S. Ct. 1710 (2014), the defendant agrees to pay restitution in the amount of $5,000.00 per victim, for any victim who may be identified through the Child Victim Identification Program (CVIP) and/or Child Recognition and Identification System (CRIS) and who requests restitution prior to sentencing.

Plea Agreement p. 11, LL. 6 – 14, Ex. 1 to Hepburn Dec. of June 12, 2020.

The number of victims requesting restitution were not specified at the time of his plea. Defendant had, thus, every incentive to minimize the number of victims for whom the Court ultimately ordered restitution.

At the time of sentencing Defendant again acknowledged that he had harmed the victims who were named that day in the Judgment.  He did not dispute that the Government had met its burden either under Section 2259 or *Paroline, supra,* as to any victim.  He did not dispute that any victim named in the Judgment was properly included.  His sentencing memo states:  "He now recognizes his fault, error, and criminal behavior.  He now understands who the victims are in this case and how they were re-victimized with the perpetuation of the images."  Def. Sentencing Memo at p. 24, ll. 15-17, Ex. 1 to Hepburn Declaration of September 14, 2020, ECF 329 in *United States v Fuechtener,* DCNV No. 2:16-cr-00100-GMN-CWH, filed 2-21-19.

Defendant was ordered to, and acquiesced in being ordered to a set of victims.  This set of victims is the same set of victims using the same pseudonyms as have now made claims in the instant action.  Counsel for the plaintiffs herein (Hepburn and Bianco) are the same attorneys who represented seven of the fourteen victims in the underlying criminal action.[1]  These seven from the underlying criminal action are among the nine plaintiffs herein.

No issue was made in the underlying criminal action concerning the identity of the victims for purposes of the restitution included in the Judgment.  The victims submitted over 1000 pages of victim impact statements and restitution requests.  Government Sentencing Memo, p. 14, ll. 3-5, Ex. 2 to Hepburn Declaration, ECF 325 in *United States v Fuechtener,* DCNV No. 2:16-cr-00100-GMN-CWH, filed 2-21-19.  Defendant agreed to the naming of the victims in his Judgment and in payment

---

[1] For purposes of this civil action, the Marsh Firm, which represented Andy and Jenny in the criminal matter have associated Carol Hepburn and local counsel John Kawai to represent Andy and Jenny herein.

rendered to the attorneys on behalf of all of the Plaintiffs in this matter.  He should not now be heard to take a different position in this action.

Were the names for Defendant's victims Jane Doe, John Smith, David Nelson, or some other variant of very common names would we hear the same argument?  The likelihood is miniscule that now a different set of individuals using the same pseudonyms, represented by the same counsel, and claiming to be victims of child pornography crimes should come forward against this defendant.

A similar defense argument in a case brought under Section 2255 was dispensed with recently in the context of a discovery dispute.  In *Amy, et al v. Curtis,* NDCA No. 4:19-cv-02184 PJH[2], the defendant argued that the order of restitution naming plaintiffs who proceeded via pseudonym could not be held to have resolved the issue of whether any plaintiff was, in fact, a victim of his crime.  In that case, in a stipulation in the underlying criminal case supporting the order of restitution, the defendant refused to concede that claimants were "statutory victims."  In finding the defense arguments "unpersuasive," the civil court noted the government's confirmation that the restitution claimants were individuals depicted in the defendant's child pornography collection, that defendant stipulated to payments to the claimants who proceeded under the same pseudonyms, and that the amended judgment referred to the claimants as "nonfederal victims."  (See Order, p. 5, ll. 7-23, *Amy, et al v. Curtis,* NDCA No. 4:19-cv-02184 PJH, Ex. 3 Hepburn Dec.).


3. **Judicial Estoppel applies to prevent Defendant from now claiming that his victims in the criminal case are not his victims herein.**

When facing sentencing and it was beneficial for him to appear cooperative, remorseful, and acknowledging of the harm done to his victims, Defendant agreed that Lily, Sarah, Violet, Solomon,

---

[2] The magistrate's order referenced in *Amy et al v. Curtis* was issued September 8, 2020, and is, therefore, still within the 14 day period which allows for objections to be filed.

Andy, Pia and Jenny were victims of his crimes and deserving of restitution.  Now, when the Sword of Damocles no longer hangs over his head he protests their status as victims and takes a position at odds with his position in the criminal case.  The principal of judicial estoppel should preclude Defendant taking this position.

The principal of judicial estoppel applies in that Defendant now challenges the resolution of the identical issue that was presented in the underlying criminal action.  Defendant had every opportunity to challenge the naming of the victims in the underlying criminal action.  He was provided extensive documentation of the losses supporting the requests for restitution for each of these victims.  He chose to compromise the matter in essence looking for the goodwill of the Court and Government at the time of sentencing.  He should not now be able to "change his tune" and protest that these same-named individuals are not his victims.

**4.  Collateral Estoppel also applies based on the authority cited by Defendant.**

Defendant's citation to *United States v. Satterfield*, 743 F.2d 827 (11ᵗʰ Cir. 1984), actually supports Plaintiffs' position.  In *Satterfield, supra*, the Eleventh Circuit reversed a finding by the District Court that the estoppel provision of the Victim Witness Protection Act of 1982 (VWPA) was unconstitutional.  In upholding the VWPA's provision of civil enforcement of criminal penalties the Eleventh Circuit noted that the VWPA extends the enforcement procedures available to the Government to the victims themselves.  The court noted that the estoppel provision of Subsection 3580(e) "

> . . . does no more than codify the rule in this and other circuits that a criminal conviction may be used as conclusive proof of some issues in a subsequent civil litigation.
>              . . .
> The facts underlying a criminal offense that gives rise to a restitution order will be given collateral estoppel effect only if they were fully and fairly litigated at the criminal trial, *or stipulated through a guilty plea.*

*Satterfield, supra* at 838, (Emphasis added.)

Here, the Defendant stipulated in his guilty plea that the victims of his crime would be identified through the CVIP and CRIS programs and that these victims would be awarded restitution in a specific amount. This stipulation is sufficient for collateral estoppel to apply.

**5. Defendant's argument amounts to claiming fraud by Plaintiffs' counsel.**

Defendant in essence argues that Plaintiffs' counsel have committed a fraud on the court. That is, Defendant's argument posits that Plaintiffs' counsel may have represented one person using the pseudonym "Lily" in the underlying criminal matter, presented the detailed forensic evaluations in her name (which Defendant received), received payment of restitution on her behalf, and now come to court in this action on behalf of another person using the same pseudonym "Lily" making false claims to be a victim of Defendant's crime. Moreover, Plaintiffs' counsel would have committed this fraud seven times over as there are seven plaintiffs herein.

Lawyers are officers of the court. That includes Plaintiffs' lawyers herein. We subject ourselves to court supervision and have an ethical and moral duty to uphold the integrity of the judicial process.

The reality is that the individuals who are victims of Defendant's crime are sent notice by the Government of their inclusion in the case as a victim. As set forth in the Plea Agreement, the Government identifies the victims of child pornography offenses with the assistance of the CVIP and the CRIS programs. Defendant's agreement to entry of the judgment naming the victims who are the Plaintiffs herein was an acknowledgement by him that they had been properly vetted as victims of his actions.[3]

---

[3] Because the posture of the matter is such that no protective order has yet been put in place, Plaintiffs have not filed under seal the documents with identifying information which would presumably be protected by such an order.

**6. Victims' counsel stand in the shoes of their clients.**

Defendant alleges that payment "in trust" to counsel for a victim is somehow not payment to that victim.  (Def. Resp. p. 5, ll. 15 – 18.)  Defendant provides no authority for this assertion.  Rather, lawyers are both actual and apparent agents for their clients.   The lawyer-client relationship is the "quintessential" example of principal and agent.   *Comm'r of Internal Revenue v. Banks*, 543 U.S. 426, 427, 125 S.Ct. 826, 160 L.Ed.2d 859 (2005), (the "attorney-client relationship" "is a quintessential principal-agent relationship, for the client retains ultimate dominion and control over the underlying claim"), cited with approval *Viernes v. DNF Associates, LLC,* ___ F.3d ___ (D. Hawai'i July 31, 2020) 2020 WL 4430968.  The lawyer's acceptance of the restitution payment on behalf of the client binds the client, and Defendant had the right to rely on that in payment of his restitution obligation.

The restitution statute, 18 USC 2259, provides for payment only to the victim of the defendant's crime. Making payment to counsel on behalf of the victims was agreeable to Defendant at the time of his sentencing.  Inferentially, the Court found it was adequate and sufficient for compliance with the statute as these were the provisions of the Judgment signed by the Court.

**7. Defendant's argument ignores the comprehensive and complementary remedies Congress has put in place for victims of child pornography crimes.**

In passing the Child Abuse Victims' Rights Act of 1986 and the Adam Walsh Child Protection and Safety Act of 2006, Congress created a civil remedy intended to compensate victims of child pornography crimes, which it found "extraordinarily harmful both to the children involved and to

---

Plaintiffs are willing and able to file such documents forthwith setting forth their identities as named victims per notices from the Government, personal identifying documentation, their Victim Impact Statements and forensic psychological evaluations which have been previously received by the Defendant in the underlying criminal action, and documentation concerning the long-term representation of these plaintiffs by Plaintiffs' counsel.

society." *N.S. v. Rockett,* 2018 U. S. Dist. LEXIS 223678 at *9 (D. Or. Oct 19, 2019) (citing Dep't of Justice, 1 Attorney General's Comm'n of Pornography:  Final Report 417 (1986) quoted by *Amy et al v. Curtis, supra,*  at p. 3, ll. 24 – 28.  This remedy is supplemental to the restitution provided for in 18 U.S.C. 2259.  *Doe v. Hesketh,* 828 F.3d 159 (3rd Cir. 2016).

Further, the option for liquidated damages provided for by Congress is designed to truncate a lengthy proof process and so avoid the infliction of "fresh damages" increasing the suffering of the victims.  *Doe v. Boland,* 698 F. 3d 877, 882-83 (6th Cir. 2012), *See also, N.S.v. Rockett, supra;* and *Amy et al v. Curtis, supra.*

**8. Conclusion.**

Defendant pleaded guilty to child pornography crimes and agreed to pay restitution to the victims of his crimes under the same names and with the same counsel who come before the court now seeking the additional civil remedies that Congress has provided for them.  Plaintiffs have submitted evidence attesting to the fact that the victims in the criminal matter are the same individuals as the Plaintiffs herein.  Defendant should be held to account consistent with his position in his underlying criminal case; he should be found liable civilly for statutory damages under Section 2255 to each of his victims.

Respectfully submitted,

Dated: September 14, 2020.                    CARPENTER, ZUCKERMAN & ROWLEY

By  /s John A. Kawai
John A. Kawai, NSBA No. 14893
400 South 4th Street, Suite 500
Las Vegas, NV 89101
Phone: 805-272-4001
Of Attorneys for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CAROL L. HEPBURN, P.S.

By__/s Carol L. Hepburn_____
Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, Suite 550
Seattle, WA. 98119
(206) 957-7272 phone
(206) 957-7273 fax
Emails:  carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah, Solomon, William
L.E. Dussault for Violet, Andy and Jenny


DEBORAH A. BIANCO P.S.

By  s/Deborah A. Bianco_____
Deborah A. Bianco, *Pro Hac Vice*
14535 Bellevue-Redmond Rd., Suite 201
Bellevue, WA 98007
Phone: 425-747-4500
Facsimile:  425-747-8400
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Jane Doe for Pia

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 10