John A. Kawai, NSBN 14893
TRIAL LAWYERS FOR JUSTICE
400 South 4th Street, Suite 500
Las Vegas, NV 89101
Phone: 805-272-4001
Email: jk@tl4j.com

Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA 98008
(425) 747-4500
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA 98127
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net

Of Attorneys for Plaintiffs.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| "LILY," et al,<br><br>Plaintiffs,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | NO. 2:19-cv-00352-RFB-EJY<br><br>PLAINTIFFS' MOTION TO APPROVE MINOR SETTLEMENTS<br><br>Date:<br>Time:<br><br>BEFORE HONORABLE MAGISTRATE JUDGE ELAYNA J. YOUCHAH UNITED STATES DISTRICT COURT |

**NOTICE OF MOTION AND MOTION**

NOTICE IS HEREBY GIVEN that, on October __, 2021, at ___ am., or as soon thereafter as counsel may be heard,

Plaintiffs Jane Doe as next friend for Pia, a minor, and William L.E. Dussault, Guardian ad Litem for Violet, will and hereby do move the Court for approval of minor settlements.

This motion is based upon this Notice of Motion and Motion, the Declarations of counsel, Declaration of Margaret Mabie, Declarations of Jane Doe, and William L.E. Dussault, Guardian ad Litem, Proposed Order Granting Motion to Approve Minor Settlements, all pleadings and papers on file in this action and upon such other matters as may be presented to the Court at the time of hearing.

DATED this ___ day of October, 2021.

TRIAL LAWYERS FOR JUSTICE
s/John A. Kawai
John A. Kawai, NSBN 14893
400 South 4th Street, Suite 500
Las Vegas, NV. 89101
Tel: (805) 272-4001
Email: jk@tl4j.com

DEBORAH A. BIANCO, PLLC

s/Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA 98008
(425) 747-4500
deb@debbiancolaw.com

CAROL L. HEPBURN, P.S.

s/Carol L. Hepburn
Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA 98127
(206) 957-7272
carol@hepburnlaw.net

Of Attorney for Plaintiffs.

**MOTION**

Plaintiffs, Jane Doe as next friend for Pia, a minor, and William L.E. Dussault, Guardian ad Litem for Violet bring this motion for approval of the proposed settlements for minors, Pia and Violet.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. RELIEF REQUESTED

This matter comes on the motion of the Plaintiffs for approval by the court of a tentative settlement reached in this matter involving the compromise and resolution of all claims herein, including made on behalf of the minors in this action.

Plaintiffs further request approval of the attorneys' fees and costs advanced reimbursement proposed.

## II. BACKGROUND

This matter was brought by the Plaintiffs for civil remedies under 18 U.S.C. 2255(a). The Court has previously approved Plaintiffs' proceeding via pseudonym. ECF 25. Each of the Plaintiffs herein are victims of child sex abuse image crimes. The Defendant pleaded guilty in DCNV

criminal Case No. 2:16-CR-00100-GMN-CWH to possession of child pornography in violation of 18 U.S.C. 2252(a)(5)(B), receipt of child pornography in violation of 18 U.S.C. 2252A(a)(2) and (b), as well as distribution of child pornography in violation of 18 U.S.C. 2252A(a)(2) and (b).

Two of the ten Plaintiffs herein are currently minors---- Pia and Violet. Therefore, the parties ask the Court for approval of the settlements of Pia and Violet in this motion.

Blocked accounts have been set up pursuant to previous court orders for each of the minors. All funds obtained on account of Violet's status as a victim of child sex abuse image crimes are placed in a blocked account monitored by her home state court. A blocked account for Pia is set up in Seattle Washington, the home state of her legal counsel pursuant to an order approving minor settlement in a prior matter. Each of these accounts preclude withdrawal of funds absent court order. Plaintiffs proposed that within forty-five (45) days of receipt of any funds for the minors herein which may be approved by the court that Plaintiff's counsel files with the court a declaration verifying the deposit of such funds into the blocked account. It is further requested that any bond be waived.

## III. EVIDENCE RELIED UPON

The parties rely upon Declarations of William L.E. Dussault, Guardian ad Litem for Violet, Jane Doe for Pia, and the Declarations of Plaintiffs' counsel Carol L, Hepburn, Deborah A. Bianco, Margaret Mabie, and John A. Kawai, as well as the records and files herein.

## IV. ISSUES PRESENTED

A. Whether the settlements proposed for the minors are fair and reasonable.

B. Whether the attorneys' fees and costs reimbursement requested are fair and reasonable.

C. Whether the provision for deposit of funds for minors into blocked accounts is reasonable.

D. Whether a bond should be waived.

**V. LEGAL AND FACTUAL ISSUES**

This court has a special duty to protect the interests of the minors herein. *Robidoux v. Rosengren*, 638 F.3d 1177 (9th Cir. 2011). The question before the court is whether the net settlement to be distributed to the minors is fair and reasonable in light of the facts and circumstances of the case *Robidoux, supra* at 1181-82.

Plaintiffs have sought by their complaint statutory liquidated damages of $150,000 each plus attorneys' fees as provided by 18 U.S.C. 2255(a). The parties have engaged in extensive discovery and litigation of the issues presented by this matter as is evidenced by the Court's Docket herein.

Relatively few cases have been brought under this statute for victims of child sex abuse image crimes and far fewer have been litigated fully or tried. Little caselaw has been developed in other cases concerning the issues presented.

**VI. PROPOSED SETTLEMENT AND SOURCE OF FUNDS**

There is no insurance policy which might cover the claims against Mr. Fuechtener or the costs of defense. Through the course of discussions regarding settlement, Mr. Fuechtener and his counsel forwarded a copy of Mr. Fuechtener's 9/8/21 Jan Fuechtener personal asset statement, FAJR Magic trust 2020 tax return, Jan Fuechtener 2020 tax return, and FAJR trust statement May 2021. Plaintiffs' counsel engaged in investigation of such matters to the extent that they were able given the application of various privacy laws.

The settlement tentatively reached by the parties provides for Mr. Fuechtener to pay a total of $[redacted] for benefit of all Plaintiffs to Plaintiffs' counsel's trust account in settlement and resolution of all claims herein.

Further litigation of this matter in the absence of settlement would further consume the finite resources available for settlement

The Plaintiffs, by prior agreement among themselves, agree to an equal sharing of any proceeds of the resolution of this matter as well as an equal sharing of the costs of the litigation. With the proposed settlement each of the plaintiffs would receive $[redacted] gross. After proposed fees of $[redacted] each, and costs of $1,368.81 each, the net to each plaintiff, including each of the minors, would be $[redacted].

There are no subrogated expenses to be paid from the settlement funds.

Because the funds are to be placed in blocked accounts, Plaintiffs request that any requirement for a bond be waived.

## VII. ATTORNEYS FEES AND COSTS

This action is brought under 18 U.S.C. 2255(a) and is still relatively novel in terms of the broad sweep of subject matter of federal court actions. Few such actions have apparently been tried across the country. Plaintiffs' counsel are aware of only approximately ten attorneys including themselves, nationwide, who regularly represent victims of child sex abuse image exploitation crimes in civil matters or criminal restitution matters.

Plaintiffs' attorneys have advanced all costs necessary in pursuit of this action. No funds have been advanced by any of the plaintiffs themselves.

Plaintiffs' counsel jointly estimate that they have expended the equivalent of $50,000 in attorney time in prosecuting this matter. This does not count time spent by counsel's paralegals who have expended additional time on initial drafts of documents, correspondence, communications with clients, and scheduling.

Jane Doe, for Pia, and the Settlement Guardian ad Litem for Violet entered into fee agreements with counsel Hepburn and Bianco at the outset of representation providing for a one-third contingent fee together with reimbursement of reasonable out of pocket costs. Attorney Hepburn has represented minor Violet since 2015 under this fee agreement. Attorneys Hepburn and

Bianco have represented the minor Pia since 2016, also under a one-third contingent fee agreement. These agreements have previously been approved by multiple courts in similar matters and the conservatorship/guardianship matters. An agreement for association of Attorney Kawai as local counsel was also entered into by each of the Plaintiffs. This agreement provides that Mr. Kawai's fees would be a part of the one-third contingent fee and that Plaintiffs would pay no greater fee because of his participation as local counsel.

Declarations of each counsel are filed herewith attesting to the time and efforts expended in this matter. An itemization of costs advanced is included with each declaration.

Plaintiffs' counsel have brought other similar actions under 18 U.S.C. §2255 for these plaintiffs. Despite similar issues, the outcomes vary substantially depending on the development of record in the underlying criminal proceedings and the assets and circumstances of the particular defendant. Many such resolutions by settlement result in contingent fees at less than counsel's hourly rate, as is the case here.

Plaintiffs rely on the Declarations of counsel Carol L. Hepburn, Deborah A. Bianco, John Kawai, and Margaret Mabie in support of their request for approval of attorneys fees and costs as well as the declarations of Jane Doe, for Pia, and of William L. E. Dussault, Settlement Guardian ad Litem for Violet.

Respectfully submitted on this ___ day of October, 2021.

TRIAL LAWYERS FOR JUSTICE

By /s John A. Kawai

John A. Kawai, NSBA No. 14893
400 South 4th Street, Suite 500
Las Vegas, NV 89101
Phone: 805-272-4001
jk@tl4j.com

Attorney for Plaintiffs

CAROL L. HEPBURN, P.S.

By /s Carol L. Hepburn
Carol L. Hepburn, WSBA No. 8732, *Pro Hac Vice*
PO Box 17718
Seattle, WA 98127
(206) 957-7272
(206) 957-7273 fax
Email: carol@hepburnlaw.net
Of Attorneys for Plaintiffs

DEBORAH A. BIANCO, P.S.

By /s Deborah A. Bianco
Deborah A. Bianco, WSBA No. 19826, *Pro Hac Vice*
PO Box 6503
Bellevue, WA 98008
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Of Attorneys for Mya, Maureen and Jane Roe for Pia