John A. Kawai, NSBN 14893
TRIAL LAWYERS FOR JUSTICE
400 South 4th Street, Suite 500
Las Vegas, NV 89101
Phone: 805-272-4001
Email: jk@tl4j.com

Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA 98008
(425) 747-4500
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA 98127
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net

Of Attorneys for Plaintiffs.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| "LILY," et al,<br><br>Plaintiffs,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | Case No: 2:19-cv-00352-RFB-EJY<br><br>DECLARATION OF CAROL L. HEPBURN IN SUPPORT OF MOTION TO APPROVE MINOR SETTLEMENTS<br><br>HEARING DATE:<br><br>TIME: 10:00 am<br><br>BEFORE HONORABLE MAGISTRATE JUDGE ELAYNA J. YOUCHAH UNITED STATES DISTRICT COURT |

I, CAROL L. HEPBURN, hereby declare the following:

1. I represent the Plaintiffs herein. I make this declaration based upon my own personal knowledge and professional experience as an attorney, in support of Plaintiffs' Motion to Approve Minor Settlements.

2. **Qualifications.** I have been licensed to practice law in the State of Washington since 1978 and in the State of Oregon since 2003. I am, and have been, in good standing in both states throughout that time.

3. I began my practice in 1978 as a deputy prosecuting attorney for King County in Seattle, Washington. At that time, among other matters, I prosecuted sexual assault crimes. After leaving the County in 1982 and over the following years to date my practice has involved a large number of sexual assault related claims. For approximately eight years following my leaving the prosecutor's office I defended individuals charged with sexual assault crimes. Later my practice included family law cases involving alleged child sex abuse, civil sexual harassment matters both for plaintiffs and defendants, investigating sexual harassment allegations for employers, and civil sexual assault tort cases.

4. In 2008, I began representing victims of child pornography and online exploitation crimes. I have represented such victims in both criminal restitution and civil cases. I have participated in appeals of restitution orders entered under 18 USC 2259 and was a part of the team which took the case of *Paroline v. United States,* 572. U.S. 464 (2014), to the United States Supreme Court. The work on these restitution issues included appeals pending in the Ninth, Third, Fourth, and Seventh Circuits as well as *Paroline* which arose in the Fifth Circuit. Multiple petitions for certiorari to the Supreme Court were filed prior to the court accepting *Paroline* for review.

5. Since the *Paroline* decision in 2014, I have participated in representing the victims' viewpoint in meetings with Congressional staffers concerning amendments now passed to Sections

2255 and 2259 of Title 18. Through meetings with victim advocacy agencies and other attorneys representing this population of victims, and through my representation of multiple such clients over the last thirteen years I believe that there are less than a dozen lawyers who regularly represent victims of child pornography crimes in criminal restitution matters and even fewer who bring civil claims under Section 2255 on more than an isolated basis.

6. Additionally, I have been active in non-legal advocacy efforts to support victim rights and well-being through the Canadian Centre for Child Protection in Winnipeg, Manitoba, CA and the National Center for Missing and Exploited Children in Alexandria, VA. These activities include among other things participating in an international working group which created the first ever survey for data on the experience of child pornography victims, participation in a project to produce video victim impact statements for these victims, and assisting in bringing together a first ever group of such victims for community building and mutual support.

7. Many of the legal issues arising under these claims have scant development in the caselaw and remain uncertain. Approximately 75% of my practice at this time is devoted to representing these victims on all matters relating to their status as survivors of child pornography claims. Not all such efforts result in generation of fees. The remainder of my practice is focused on personal injury matters. Pursuing this matter has meant that I have not pursued other matters in my practice with more reliable outcomes.

8. **Representation of Adults and Their Agreement to Proposed Settlement**. I individually have represented Lily, Sarah, and Solomon for a number of years. All are adults and live outside of the state of Nevada and all have approved this settlement.

9. For the purpose of this litigation, I represent Andy and Jenny as counsel of record while working together with the Marsh Law Firm PLLC whose attorneys are their primary counsel in matters related to their status as crime victims. Both are adults and reside outside the state of Nevada. I have communicated with them via their primary counsel James Marsh and Margaret Mabie, and they have approved this proposed settlement.

10. **Minor Violet.** I have represented the minor Violet since 2015 in matters concerning her status as a victim of child pornography crimes. In Violet's home state I petitioned the state court at the outset of my representation of her for appointment of a Settlement Guardian ad Litem (SGAL.) The court appointed attorney William L.E. Dussault, and he has served in that position continuously since that time. I have consulted with SGAL Dussault, as well as Violet's mother, throughout this litigation, and both have provided their declarations, filed herewith, approving the proposed settlement.

11. Pursuant to the state court's GAL order for Violet and court rule I opened a blocked account for Violet. All moneys collected on her behalf as a function of her being a victim of child pornography crimes have been deposited by me into that account. No withdrawals have been made and reports concerning efforts and collections made in the course of the representation have periodically been submitted to and approved by the court.

The following is the text of the pertinent portion of the court rule in Violet's home state concerning handling of funds received pursuant to settlement on behalf of a minor:

> (h) Deposit in Court and Disbursements. Except for any structured portion of a settlement, the total judgment or total settlement shall be paid into the registry of the court, or as otherwise ordered by the court. All sums deductible therefrom, including costs, attorney's fees, hospital and medical expenses, and any other expense, shall be paid upon approval of the court.

12. **Minor Pia.** I have represented Pia since 2016 together with Deborah A. Bianco, who is also counsel of record for Plaintiffs herein Pia resides outside the state of Nevada. Jane Doe,

next friend for Pia, has signed her declaration filed herein indicating her approval of the settlement for Pia. The fee agreement signed by Jane Doe as Pia's mother at the outset of our representation provides for attorneys fees of one-third contingency fee plus out of pocket costs for any civil matter.

13. As the result of a prior civil settlement a blocked account was established for Pia on which I am a signor and into which funds obtained for her have been deposited. This account is the subject of prior court order requiring that the funds placed in the account be held without any withdrawals absent court order until Pia reaches the age of majority.

14. Plaintiffs understand that the Defendant will pay $[redacted] to settle the claims of seven victims. Plaintiffs have agreed previously to divide the settlement proceeds equally and to share equally per capita in the fees and costs. This means that each plaintiff would receive $[redacted] gross before fees and costs are deducted.

15. The amount of the settlement in this case is within the range of the amounts many of my adult child pornography clients have received where the defendant has comparable assets. Plaintiffs' counsel has conducted an investigation (to the extent they are able given privacy laws) into the assets of the defendant. There is no insurance coverage for this loss. This proposed agreement is specifically premised on the financial representations that Defendant has made, the investigations made by plaintiffs' counsel, and the unique issues and challenges in this case.

16. Given the circumstances of this case I believe that this is a reasonable settlement and in the best interests of all plaintiffs. This is my independent judgment based on my knowledge and experience with other similar cases, my analysis of the legal issues and our investigation into the circumstances of the defendant.

17. Plaintiffs' legal team estimates that as a whole they have expended the equivalent of at least $50,000 worth of time in legal fees. I have spent more than 55 hours in work on this matter. These efforts include investigation of the prospect of filing this matter including extensive investigation of the criminal record, communication with the Assistant United States Attorney who prosecuted the matter, arrangement for and monitoring of a representative view of the particular images of the plaintiffs herein possessed by Mr. Fuechtener, drafting of all initial pleadings, consultation with plaintiffs' forensic expert before, during, and after the review sessions, communications with clients, preparation of the motion for summary judgment and response to Defendant's motion for summary judgment, appearance at the hearing on the parties' reciprocal motions for summary judgment, communications and negotiations with defense counsel, drafting of settlement documents and this motion and supporting declarations. At $450.00 per hour, 55 hours of attorney time is the equivalent of $24,750.00. My normal hourly rate for fees is $450.00 which is commensurate with that of other attorneys in the Seattle area of my tenure and in my area of practice.

18. This does not count time spent by my paralegal of thirty years' experience who has expended additional time on obtaining documentation as needed, initial drafts of correspondence and some pleadings, scheduling, and client communications.

19. This also does not count time which may be expended in appearance for any hearing on the instant motion.

20. Each of the minor plaintiffs in this matter engaged our services by entering into a fee agreement at the outset of representation providing for a one-third contingent fee together with reimbursement of reasonable out of pocket costs. This agreement was approved by the guardianship court for Violet, and by Jane Doe, next of friend for Pia. For purposes of this action, an agreement for association of Attorney Kawai as local counsel was also entered into by each of the Plaintiffs

including the parents of each of the minors herein. This agreement provides that Mr. Kawai's fees would be a part of the one-third contingent fee and that there would be no greater fee because of his participation as local counsel. The adult plaintiffs in this matter are represented under identical fee agreements.

21. I have advanced $4,566.75 in costs for this matter. None of the clients advanced any money for costs. The largest expense has been for retention and services of plaintiffs' forensic expert for purposes of reviewing the digital evidence in this matter under 18 U.S.C.§3509(m). Further detail of the costs expended is contained at Exhibit 1 attached hereto which is a true and correct itemization of the costs I have advanced in this matter.

22. The attorneys' fees of one third of the gross settlement for each plaintiff would be $[redacted] The costs advanced by each of the participating firms are as follow:

| | |
|---|---|
| Carol L. Hepburn PS | $4,566.75 |
| Deborah A. Bianco PLLC | $1,946.00 |
| Marsh Law Firm | $ 892.00 |
| John A. Kawai | $ 900.00 |
| Carpenter Zuckerman and Rowley | $ 1,276.89 |
| Total | $ 9,581.64 |

Dividing equally the gross recovery and the costs between the plaintiffs, each minor (and each of the adult plaintiffs as well) would net $[redacted] ($[redacted] minus $[redacted] fees, minus $1,368.81 costs = $[redacted]) Given the assets we understand are held by the defendant, the lack of insurance to cover the loss, liquidity, the issues presented, and the time and costs expended, it is my opinion that the net proceeds proposed to the minors are reasonable and the fees and costs requested

are reasonable and well within the norm for such cases. The unfortunate truth is that for all of these young people there will likely be other lawsuits to file against the offenders who download their images and videos. This case is not the sole source of funds to aid in their attempts to cope with their injuries.

23. I respectfully ask the Court to approve the settlement of this matter along with the associated attorneys' fees and expenses.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 5th day of October, at Seattle, Washington.

CAROL L. HEPBURN, P.S.

By_/s Carol L. Hepburn__________

Carol L. Hepburn , *Pro Hac Vice*
(206) 957-7272
(206) 957-7273 fax
Email: carol@hepburnlaw.net
Of Attorneys for Plaintiffs

Exhibit 1

Carol L. Hepburn, P.S.

# COSTS Fuechtener

09/20/21

All Transactions

| | Date | Name | Memo | Debit | Credit | Balance |
|---|---|---|---|---|---|---|
| | 03/04/19 | Fuechtener | Fuechtener transcript of sentencing | $525.60 | | $525.60 |
| | 04/23/19 | Fuechtener | refund by AM reporting | | $171.55 | $354.05 |
| | 05/10/19 | Fuechtener | Pacer | $3.10 | | $357.15 |
| | 05/10/19 | Fuechtener | Pacer | $9.80 | | $366.95 |
| | 10/15/19 | Fuechtener | K&S LLC time and travel exp -evidence rev | $1,784.00 | | $838.05 |
| | 02/06/20 | Fuechtener | Pacer | $2.50 | | $2,178.55 |
| | 02/06/20 | Fuechtener | Pacer | $16.80 | | $2,195.35 |
| | 04/24/20 | Fuechtener | K&S LLC second review of evidence | $2,340.00 | | $4,535.35 |
| | 05/11/20 | Fuechtener | Pacer | $2.40 | | $4,537.75 |
| | 02/11/21 | Fuechtener | Pacer | $16.80 | | $4,554.55 |
| | 05/01/21 | Fuechtener | Pacer | $7.40 | | $4,559.95 |
| | 05/07/21 | Fuechtener | Pacer | $2.50 | | $4,562.45 |
| | 08/12/21 | Fuechtener | Pacer | $4.30 | | $4,566.75 |
| Total | | | | $4,715.20 | $171.55 | $4,566.75 |